## WILLIAM H. BAILEY *vs.* INHABITANTS OF WOBURN.

Middlesex. Jan. 18, 1877; Jan. 11, 1878. — March 17, 1879.

Under the St. of 1871, c. 307, authorizing the town of Woburn to take the waters of a certain pond for the purpose of supplying the inhabitants of the town with pure water, and giving the right to take land for the purpose of constructing all works necessary for the distribution of the water, and providing that the town should be liable for all damages caused by such taking and construction, the town accepted the act, took land on the shore of the pond, and there dug a water-gallery and pumping-well, and made a connection by pipes between the pumping-well and the pond, but did not use these pipes, all the water coming into the well either by percolation from the pond or from underground streams. *Held*, on a petition by a mill-owner for the assessment of damages to his water-rights, that there had been a taking of the waters of the pond within the meaning of the act; but that such taking did not necessarily include all the waters of the pond, but so much only as was required for the purposes named in the act, including the future or prospective wants of the town.

The town of Woburn has no authority, under the St. of 1871, c. 307, to take water to sell to other towns; and, in assessing the damages of a person whose water-rights are injured by the taking, under the act, of the waters of a pond, the fact that any city or town in this Commonwealth may, under the St. of 1870, c. 93, purchase of any aqueduct company or municipal corporation the right to take water from its source of supply, is immaterial.

If a statute, giving a town the right to take the waters of a pond for the purpose of supplying the inhabitants of the town with pure water, contains a section authorizing another town to use such water upon paying proper rates, and this section is repealed after the taking of the waters of the pond, but before any use is made of them by the other town and before the filing of a petition for damages by a person injured by the taking of the waters of the pond, such person, if entitled to any damages by reason of such right of the other town, is entitled to nominal damages only, and, if he has recovered substantial damages for the injury caused him by the taking, the fact that the right of the other town to take the water was excluded in estimating his damages is no ground for setting aside the verdict.

PETITION to the county commissioners of Middlesex, by the owner of a mill and water privilege on a natural stream running from Horn Pond in Woburn, for a jury to assess the damages

sustained by him through the diversion of the waters of Horn Pond from that stream by the respondent in constructing and maintaining its water-works under the St. of 1871, *c.* 307.

Trial before a sheriff's jury, who returned a verdict for the petitioner for a less amount than that claimed by him. In the Superior Court, *Colburn,* J., ordered the verdict to be accepted against the objection of both parties; and they alleged exceptions. The facts appear in the opinion.

The case was argued in January 1877, and reargued in January 1878.

*J. G. Abbott & B. Dean,* for the petitioner.

*T. H. Sweetser & G. A. A. Pevey,* for the respondent.

ENDICOTT, J. The town of Woburn was authorized by the St. of 1871, *c.* 307, "to take, hold and convey to, into and through said town, the waters of Horn Pond, so called, in Woburn, or the waters of any other pond in Woburn," for the purpose of supplying its inhabitants with pure water. Full authority is given to the town to take land for this purpose, and to construct all works necessary for the distribution of the water; and provision is made that the town shall be liable for all damages caused by such taking and construction, which may be assessed in the manner provided by law with respect to land taken for highways, but no application for the assessment of such damages shall be made until the water is actually taken by the town. §§ 1–4. It is provided in § 5 that three commissioners shall be chosen by the town, to whom is intrusted the execution and performance of all matters and things relating to the construction and maintenance of the water-works contemplated by the preceding sections.

The town accepted the act, and three commissioners were chosen, who proceeded to perform their duties under it. They took for the purposes named in the act, and we presume in accordance with its provisions, two and a quarter acres of land on the shore of Horn Pond; and there dug and constructed a water-gallery and pumping-well, and erected an engine-house, and an engine to pump water into a reservoir built to contain it, and made a direct connection between the well and the pond by conduits or pipes.

1. It is stated in the record, that these pipes or conduits have

not been used; and it seems to have been assumed by both parties, at the trial before the jury, that the waters collected in the pumping-well, which are pumped into the reservoir and distributed to the inhabitants, do not flow through these pipes or conduits, but percolate into the well, either from the pond, or from underground currents intercepted by the well before they reach the pond.

The respondent contended that none of the water collected in the well and pumped into the reservoir flowed from the pond; and that it is not liable for taking water which perco lates into the well from the pond, or from the land adjacent to the pond.

The petitioner, on the other hand, contended that the appropriation by the town to its own use of the waters percolating from the pond, or from the land on their way to the pond, was a taking of the waters of the pond within the meaning of the St. of 1871, c. 307; and the presiding officer so ruled in substance, and to this ruling the respondent objected.

A forcible argument has been addressed to us by the respondent, touching the rights of landowners to appropriate to their own use all underground currents of water found on their own land, and the claim is made that the town, for the purpose of constructing its water-works, had the same right to excavate within the limits of the land taken under the St. of 1871, c. 307, that a private individual would have to dig upon his own land, and use and divert to his own use the water so obtained; and that, as such private owner would not be liable to another whose supply of water was thereby diminished, the town in this case is not liable to the petitioner.

But, in the view which we take of this case, this question does not arise; and it is unnecessary to consider at length the numerous authorities cited, or to determine whether the ruling of the presiding officer was in all respects strictly accurate, for upon the facts reported we are of opinion that there was a taking of the waters of the pond within the meaning of the act, and the petitioner was entitled to have his damages assessed by the jury.

The difficulty with the respondent's position is that the land was not taken or purchased for the purpose of digging wells and

appropriating underground currents of water. The town had no authority under the act to take land for that purpose, or to obtain its supply from such a source, and originally had no intention of doing so. It could only take the waters of Horn Pond or some other pond in Woburn; and the case finds that it took this land under the statute on the shore of Horn Pond for the purpose of constructing thereon works and taking the waters of the pond. Such works were actually constructed for that purpose, and directly connected with the pond by pipes and conduits, thereby enlarging the area of the pond, and securing to the town, against all persons, the means of taking its waters. From the works thus constructed, it has supplied its inhabitants with water, and it is not contended that this petition is prematurely brought, under § 4, because the water has not been actually diverted and withdrawn.

Upon the inquiry, therefore, whether, upon these facts, the petitioner, under a petition properly brought, is entitled to damages, it is immaterial that the town discovered, after it began to pump up the water, that it could supply its inhabitants without using the connecting pipes and conduits, or that it can obtain a supply, abundant for its present needs, without using them at all. Under the powers conferred by the statute, the town has reserved to itself the right to take the waters of Horn Pond to supply the present and future wants of its inhabitants, and has provided itself with all the requisite means for doing so; and while it has supplied its inhabitants from the works it has constructed, and has not for that purpose used the conduits and pipes directly connected with the pond, yet it may and has the right to use them, and, if necessary, undoubtedly would do so.

The answer of the town to the petitioner's claim is, " While we have clothed ourselves with all the powers given by the statute to take the waters of Horn Pond, and under the powers conferred are distributing water, you can have no remedy, because we have not drawn water through those connecting pipes and conduits put in for that purpose, although we have the right to do so, if necessary." If this ground is tenable, then the petitioner is without remedy, if the town should now or hereafter use the pipes and conduits constructed for

that pui pose. *Ipswich Mills* v. *County Commissioners*, 108 Mass. 363.

We are therefore of opinion, that the town has taken the waters of the pond within the meaning of the statute; and, having done so, the petitioner is entitled to recover damages for the injury thereby caused to his property.

2. It is contended by the petitioner, that, under the St. of 1871, *c.* 307, the town had the right to take all the waters of Horn Pond, and that it had no authority to take a portion. But this construction is not correct. The town can take only so much water as is required for the purposes named in the act. This includes not merely what is sufficient for the present wants of the inhabitants, and those for whom it was intended to provide, but for their future or prospective wants. Undoubtedly, power was granted to take all the waters of the pond, if all should be needed for those purposes; but the statute did not intend that all the water should be taken, if all was not necessary. As the petitioner could receive compensation but once, he was entitled to recover future and prospective as well as the immediate damages caused by the taking, but he could not recover damages for a diversion of all the water, unless by the taking all was to be actually diverted. *Ipswich Mills* v. *County Commissioners*, above cited.

3. Nor has the petitioner any just ground of objection to the direction of the presiding officer that the town of Woburn had no authority to sell or lease water to other towns. No authority is given by the act to take water for the use of other towns, (except Winchester,) or to sell or lease to other towns; and such authority cannot be implied from the St. of 1870, *c.* 93, which provides that cities and towns may, for the purpose of supplying pure water to their inhabitants, purchase of any aqueduct company or municipal corporation the right to take water from its source of supply, or from the pipes leading therefrom. Without attempting to define the extent of the powers here given to a town to sell water, it is very clear that the act gives no authority to towns to procure water for that purpose, and cannot extend the right of Woburn, under the St. of 1871, *c.* 307, to take the waters of Horn Pond for the purpose of selling them to other towns.

4. It is provided in § 10 that the inhabitants of Winchester may take the water under the St. of 1870, *c.* 93, upon payment of proper rates. The water was actually withdrawn by Woburn from the pumping-well on September 22, 1873, and this section was repealed on February 14, 1874. St. 1874, *c.* 19.

It is the right of the petitioner to have all his damages assessed, present and prospective, and the possible diminution of the flow of water, by reason of the power of Winchester to take, was one of these prospective damages, which the jury would have the right to consider in estimating the damage to the petitioner's property. But before the hearing, and indeed before the filing of the petition, this right of Winchester was abrogated by the Legislature, and Winchester had no right to use water and Woburn had no right to withdraw it from the pond for the use of Winchester after the repeal. The damages to be assessed on this account were wholly contingent upon the authority of Winchester to take and Woburn to supply, which authority had been repealed before any actual use of the water had been made by Winchester. Without deciding, therefore, whether it was strictly accurate to say that nothing should be allowed for it, it is clear that only nominal damages could have been allowed; and we should not set aside a verdict giving to the petitioner substantial damages for all that he is really entitled to, because of the failure to add nominal damages.

While the right of Winchester to buy under the St. of 1870, *c.* 93, may remain, if Woburn had the right to sell, yet, as the statute stands, Woburn clearly has no right to withdraw the water for that purpose.       *Verdict accepted.*