JAMES H. PAGE, trustee, *vs.* PATRICK O'TOOLE.

Suffolk.   March 1. — 24, 1887.   FIELD & C. ALLEN, JJ., absent.

The St. of 1868, *c.* 223, § 1, provided that a city and a town, for the purpose of sewerage, might remove obstructions in or over a certain brook, and might divert the water and alter the course and deepen the channel thereof, and, the more effectually to make said improvements, might "take or purchase land" within the limits of said city and town; that "said city or town, as the case may be," should file in the office of the registry of deeds a description of the land so taken; and that "the title to all land so taken shall vest in said city or said town, as the case may be." The town took land under the statute. *Held,* that the town acquired a title in fee simple to the land, and not merely an easement in it.

TORT for breaking and entering the plaintiff's close in that part of Boston formerly West Roxbury, and keeping the plaintiff from the use, possession, and improvement of the same from September 1, 1882, to the date of the writ, September 12, 1885. Trial in the Superior Court, before *Mason*, J., who reported the case for the determination of this court, in substance as follows :

One Gilman Page was, in 1868, the owner of land which included the premises described in the plaintiff's declaration. Gilman Page died in 1881, leaving a will, which was admitted to probate on July 25, 1881, by which he devised his real estate to the plaintiff, upon certain trusts declared in the will ; and the plaintiff duly qualified, and was duly appointed trustee under the will, on or about the last-named date. The town of West Roxbury, in 1868, duly took certain land and premises, which included the land described in the declaration, under and by

virtue of the St. of 1868, c. 223 ; * and duly filed in the registry of deeds for the county in which said land was then situate a description and statement as required by the statute, and in all other respects complied with the statute.    Thereafter the town of West Roxbury was by law duly annexed to, and became part of, the city of Boston ; and said city succeeded to and became entitled to all the rights obtained by said town under said taking.    Afterwards, on or about November 1, 1882, the defendant, by virtue of a contract with the city of Boston, became a tenant at will of said city as to the land described in the plaintiff's declaration ; and, as such tenant, the defendant entered upon the premises on or about November 1, 1882, and erected thereon certain structures, and has used and occupied the same from said last-named date down to the date of the plaintiff's writ. During said time the defendant has paid rent to the city of Boston for said premises as its tenant, under his contract with said city.    On the day of the date of the plaintiff's writ, the plaintiff entered upon the land and premises described in his declaration, for the purpose of repossessing himself of the same.

Upon the foregoing facts, which were agreed, the judge found for the defendant.    If the finding was right, the same was to stand, and judgment to be entered thereon ; if the plaintiff was entitled to recover, the case was to be remitted to the Superior Court for the assessment of damages.

---

* Section 1 of this statute is as follows:

" The city of Boston and the town of West Roxbury, for the purpose of sewerage, may remove obstructions in or over Stony Brook and the tributaries thereof, so far as the said brook and tributaries flow within the limits of said city and said town respectively; may divert the water and alter the course and deepen the channel thereof; and, the more effectually to make the said improvements, may take or purchase land, not exceeding four rods in width, on either side of the present channel of said brook and of its tributaries, or of any channel into which said waters may be diverted, within the limits of said city and town respectively.    Said city or town, as the case may be, shall, within sixty days from the time they shall take any of said lands, file in the office of the registry of deeds for the county in which said lands are situate a description of the land so taken, as certain as is required in a common conveyance of land, and a statement that the same are taken pursuant to the provisions of this act; which said statement shall be signed by the mayor of said city, or the selectmen of said town, as the case may be; and the title to all land so taken shall vest in said city or said town, as the case may be."

*C. W. Turner,* for the plaintiff.

*R. W. Nason,* for the defendant.

HOLMES, J. The power given to the city of Boston and the town of West Roxbury by the St. of 1868, *c.* 223, § 1, to " take or purchase land," is manifestly given to the city and town severally, not jointly, if we read only the first part of the section. And when, after going on to provide that the " city or town, as the case may be," shall file in the office of the registry of deeds a description of the land so taken, the section concludes, " and the title to all land so taken shall vest in said city or said town, as the case may be," the purpose of the last words is not satisfied by construing them as merely a superfluous enactment that the title shall not be joint. They plainly have the same meaning that they would have had if the city or town had been mentioned alone.

If the power had been given to West Roxbury only, a provision that the title to all land so taken should vest in the town would mean, according to the common and proper use of language, the title in fee simple to the land itself, and not merely an easement in it. The words were so construed in *Dingley* v. *Boston,* 100 Mass. 544, 554, and the act was held to be within the constitutional power of the Legislature.

If the purpose had been, as the plaintiff contends that it was, to define by what means or at what moment the town should acquire what rights it did acquire, we should find some such word as " thereupon " before the provision as to the title vesting in the town, while the word " all " (" the title to all land so taken ") shows that the emphasis of the sentence falls, partly at least, on the extent of the rights acquired. We see no satisfactory distinction between this case and *Dingley* v. *Boston.*

*Judgment for the defendant.*