## W. D. HOOKER v. MONTPELIER & WHITE RIVER RAILROAD CO.

*Lands taken for railroad purposes. Market value. No. 90, Acts of 1882.*

1. In a proceeding to ascertain the damages occasioned by the taking of land for railroad purposes, the Supreme Court, on exceptions taken under No. 90, Acts of 1882, will only consider questions affecting the essential rights of the parties, as upon a petition for *certiorari*.

2. In assessing the damages in such case, the commissioners should consider the market value of the land taken, and in determining this they need not have reference exclusively to the use to which the premises are then being put, but may take into account any other use for which they are available.

This was a proceeding for the assessment of damages occasioned by the taking of the plaintiff's land for railroad purposes by the defendant. The case was heard on the report of commissioners at the September Term, Washington County, 1888, ROWELL, J., presiding. Judgment for the larger sum mentioned in the report. Exceptions by the defendant.

The commissioners reported that the land was within the limits of the village of Barre; was available for building lots, and held by the plaintiff for that purpose; but that he bought the premises in 1874 for a farm, and had never used them for any other purpose. In case only the value for farm land could be recovered, they awarded twelve hundred dollars; two thousand dollars, if its value for building lots was the measure of damages.

*S. C. Shurtleff*, for the defendant.

The plaintiff cannot recover speculative damages. *Pinkham* v. *Inhabitants of Chelmsford*, 109 Mass. 109; *Fairbanks* v. *T. R. Co.*, 110 Mass. 110; *New Britain* v. *Sargeant*, 42 Conn. 137; *Selma, Rome & Delton R. Co.* v. *Keith*, 53 Ga. 178;

*Fleming* v. *Chicago, D. & M. R. Co.*, 34 Iowa, 353 ; *Everett* v. *U. P. R. Co.*, 10 Am. & E. R. Ca. 203 ; *Cin. & S. R. Co.* v. *Longworth*, 30 Ohio St. 108.

*J. P. Lamson,* for the plaintiff.

The plaintiff was entitled to recover what his land was worth. It is immaterial whether he had actually platted or sold any of it for building lots.   17 Wend. 651 ; 6 Mont. 275 ; 30 Ohio St. 108 ; 70 Ill. 324; 58 Mo. 491 ; 116 Ill. 163 ; 19 Minn. 283; 30 Minn. 227 ; 5 Ohio St. 575 ; 112 Penn. St. 56 ; 57 Mo. 599 ; 11 Neb. 585 ; 19 Wend. 678 ; 39 Ark. 168 ; 41 Ark. 431 ; 27 Minn. 284; 98 U. S. 403; 17 Ga. 30 ; 18 Ohio St. 169; 59 Iowa, 243.

The opinion of the court was delivered by

Ross, J.   This is a statutory proceeding for the ascertainment and recovery of damages occasioned by the taking of a part of the plaintiff's premises for the railroad of the defendant, in the nature of a session proceeding, brought to this court on exceptions under the provisions of Act No. 90 of the laws of 1882, to be determined as though heard upon a petition for *certiorari.* Upon such a petition only questions affecting the essential rights of the parties will be considered.   On these principles the only contention is whether the commissioners, in appraising the damages sustained by the plantiff for the land taken should be confined to their value for farming purposes, the only use to which the plaintiff has actually put them, or whether they might legitimately consider, in determining the damages sustained, the present availability of the tract, a part of which was taken, for building purposes.   The rule is well established that when a railroad corporation takes a portion of a parcel of land, under the right of eminent domain, for the construction of its railroad, it must pay the owner such a sum in money as will fairly compensate him for the damage he sustains.   This sum is not to be determined by whether the owner, at the time of the taking, is using the parcel of land profitably or unprofitably, or not using

Hooker *v.* Montpelier & White River Railroad Co.

it at all. His present use may not be the best use to which the parcel can be put, nor is he bound to continue such use, or part with a part thereof, valuing the whole by such use alone. He is entitled to receive such a sum as will fully compensate him for the lessened market value of the premises occasioned by such taking. Its market value depends not wholly upon the use to which the owner is putting it, but upon the use or uses for which it is available at the time it was taken. If it is available for a marble or granite quarry, a coal or a gold mine, or for building lots, rather than pasturage, although not used for any of these purposes, or left unused by the owner, the use to which it may be put profitably must of necessity enter into consideration in determining the market value of the premises. The commissioners have found that the twelve-acre plot, a part of which was taken, was, at the time it was taken, available for building lots, and that the plaintiff purchased and was holding it with reference to that availability, although only using it for farming purposes. By this rule, mere prospective speculative values are not to be considered, but values fixed by present available uses. By the facts found by the commissioners, the parcel of land of which the defendant took a portion, at the time the part was taken, had a value beyond its value for farming purposes, because then available for building lots, the use, or one of the uses, for which the plaintiff was holding it. On these principles no substantial right of the defendant was invaded by the judgment of the County Court, and that

*Judgment is affirmed.*