## EDWARD D. CONKLIN *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.   January 19, 20, 1891. — June 26, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Eminent Domain — Easement — Railroad — Trespass.*

The city of Boston took a strip of land for the improvement of Stony Brook, under the St. of 1874, c. 196, § 1, which contained a provision that "the title to all land so taken shall vest in said city," and subsequently another strip, under the St. of 1887, c. 428, which contained no such provision.   The first taking reserved to the owners "the right to erect and maintain buildings over and upon said brook, and to use the waters of said brook so far as said acts may not obstruct the free flow of said waters, it being the intention of this taking to acquire merely the right to improve the channel of said brook"; the second taking was for the specified purpose of making a new channel, covered or uncovered, for the brook.   *Held*, that the city acquired an easement only in the land taken.

In an action against a railroad company to recover for injury to the plaintiff's horses, it appeared in evidence that the horses escaped from his stable, and, passing over intermediate land, went upon the defendant's unfenced location, and were run over by a train; that the city, for the purpose of improving a brook, had taken an easement in such intermediate land, which belonged to the plaintiff, and had entered thereon and had cut in two a shed standing beside the railroad location, and, moving a part of it, had left an open space between that and the rest of the structure; that it then proceeded to occupy the land and make the structures and excavations necessary for its work, and had continued in such actual occupation up to the time of the accident; and that the horses in escaping from the stable went through the space thus left open.  The presiding judge declined to rule that the defendant was not liable, holding that the horses were not trespassing when they came upon the strip taken, and submitted the case to the jury.   *Held*, that the defendant had no ground of exception.

TORT, for injuries received by the plaintiff's horses while upon the defendant's railroad.   Trial in the Superior Court, before *Pitman*, J., who, after a verdict for the plaintiff, reported the case for the determination of this court.   The facts appear in the opinion.

*J. H. Benton, Jr.*, for the defendant.

*C. W. Bartlett & E. R. Anderson*, for the plaintiff.

ALLEN, J.   The plaintiff's horses escaped from his stable, and passed over two strips of land, which formed part of a lot hired by the plaintiff and had been taken by the city of Boston

for the purpose of making a new channel for Stony Brook, and went upon the defendant's railroad track, where they were run over by a train. There was no fence between the track and the lands taken by the city. The question is whether the city took a fee in either of the two strips of land, or only an easement. If it took a fee, the horses were trespassing and as trespassers went upon the railroad track, and the plaintiff cannot recover. If the city did not take a fee, or such title as to make the horses trespassers, then the plaintiff can recover, since the defendant owed to him the duty of building a fence. Pub. Sts. c. 112, § 115.

The city took land twice. The first taking was under the St. of 1874, c. 196, § 1, which contained a provision that "the title to all lands so taken shall vest in said city." Under this statute the city had a right to take a fee, but it did not do so. It took a strip of land, reserving to the owners "the right to erect and maintain buildings over and upon said brook, and to use the waters of said brook so far as said acts may not obstruct the free flow of said waters, it being the intention of this taking to acquire merely the right to improve the channel of said brook." This was not such a taking as that referred to in *Page* v. *O'Toole*, 144 Mass. 303, where under a similar statute there was a taking in which no rights were reserved to the owner, and where accordingly it was held that the city took a fee. In the present case only an easement was taken.

The second taking was under the St. of 1887, c. 428, which contained no provision that the title to lands taken should vest in the city. The city, therefore, took only such estate as is necessary to carry out the purposes for which it was permitted to take the lands. *Attorney General* v. *Jamaica Pond Aqueduct*, 133 Mass. 361, 365. *Clark* v. *Worcester*, 125 Mass. 226, 231. The original owner might make all such use of the land as was consistent with the easement taken. The authorized purpose of the taking was to make a new channel, covered or uncovered, for the brook. St. 1887, c. 428. This purpose was specified in the certificate of taking, filed in the registry of deeds.

The defendant now contends that it should have been submitted to the jury, to determine whether the plaintiff's use of the land was consistent with the city's occupation of it. At the

trial, the defendant asked a broader ruling, namely, that it was not liable. The only statement in the report of the case as to the actual use or occupation by the city is, that "the city then proceeded to occupy the land, and make structures and excavations necessary for their work, and continued in such actual occupation up to the time of the accident." It had already entered upon the land, cut in two a shed standing along the line of the railroad location, and moved a part of it further up on the lot, leaving a space of about eighteen feet between the corner of the part thus moved up and the corner of that portion of the shed that was not moved. The horses went through the space thus left open. Upon this evidence the court declined to rule that the defendant was not liable, and held that the horses were not trespassing upon the land of another when they came upon the railroad.

The plaintiff had a right to make all the use of his land that did not interfere with the city's use. There was nothing to show that the plaintiff might not make some use of the land at the time of the injury to his horses. The city raised no objection. If the defendant would raise the objection that, as between the plaintiff and the city, the plaintiff was exceeding his rights in making any use of that part of his land in which the city had taken an easement, it ought to make it so appear. *Prima facie,* the plaintiff was not exceeding his rights, and his horses were not trespassing.            *Judgment on the verdict.*