## BARRE WATER CO. v. W. M. CARNES ET AL.

WASHINGTON COUNTY, 1893.

Before:   ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Riparian rights.   One village entitled to use water as against another village below.*

1.   A riparian owner may use whatever of the water flowing by his land he reasonably needs, even though it be to the injury of another below him, and the same rule applies to a village as against another village upon the same stream.

2.   So where one village, under legislative authority, has constructed a dam across a stream and taken water from it for domestic and fire purposes, a corporation also acting by legislative authority will not be enjoined from taking water from the same stream at a point higher up for the use of another village situated upon the stream above the dam of the first.

Bill for an injunction.   Heard upon bill and answer at the March term, 1893.   TAFT, chancellor, dismissed the bill, *pro forma*.   The orator appeals.   The opinion states the case.

*E. W. Bisbee* and *Geo. W. Wing* for the orator.

The petitionee as a riparian owner at its dam and below has the right to insist that the water shall flow in its natural volume.   *Chatfield* v. *Wilson*, 31 Vt. 358; *Van Holsen* v. *Coventy*, 10 Barb. 518; *Pollitt* v. *Long*, 58 Barb. 20; *Macombe* v. *Godfrey*, 108 Mass. 219; *Gillett* v. *Johnson* , 30 Conn. 180; *Mayo* v. *Appold*, 42 Md. 442; *Harwood* v .

*West Randolph*, 24 Atl. Rep. (May 25, 1892) 97; *Hawley* v. *Sheldon*, 24 Atl. Rep. (Aug. 24, 1892) 717; Angell, Watercourses, ss. 95-97; Gould, Waters, s. 206; Wood, Nuis., s. 353; 3 Kent's Com. 439; *Anthony* v. *Lapham*, 5 Pick 176.

A riparian owner has no right in the water which he can sell, and he can only use so much as is necessary as an incident to his own riparian estate. Godd. Ease., Bennett's Ed. 53; *Stockport Water Works Company* v. *Potter*, 3 H. &. C. 300; *Nutall* v. *Bracewell*, L. R. 2. Exch. 1; *Heilbron* v. *Canal Co.*, 75 Cal. 426; (7 Am. St. Rep. 183); *Schlag* v. *Jones*, 131 Pa. 62; Angell, Watercourses, 7th Ed. ss. 108, 95; Wood, Nuis. s. 353; Gould, Waters, s. 204 and cases there cited.

*Barney & Hoar* and *S. C. Shurtleff* for the defendant.

A riparian owner may use the water for both natural and artificial wants. *Evans* v. *Merriweather*, 4 Scam. 495, 496; *Rhodes* v. *Whitehead*, 27 Texas 310; *Tolle* v. *Coreth*, 31 Texas 362; Angel, Watercourses, 128; Gould, Waters, s. 205; Wash., Ease. s. 223; *Miner* v. *Gilman*, 12 Moore P. C. 156.

He may use the water for a legitimate purpose even though he deprives the owners below of what they need. *Miner* v. *Gilman*, 12 Moore P. C. 156; *Rhodes* v. *Whitehead*, 27 Texas 310; *Evans* v. *Merriweather*, 4 Scam. 495, 496; *Stein* v. *Burden*, 29 Ala. 127; *Spencer et al.* v. *McDonough*, 42 N. W. 371; *Tyler et al.* v. *Wilkinson et al.*, 4 Mason 401.

Persons dwelling upon the banks of a stream, who have the right as individuals to take water from it for domestic uses, may combine and put in a system of water works for that purpose. *Philadelphia* v. *Spring Garden*, 7 Pa. 363; *Penn R. R. Co.* v. *Miller*, Central Rep. 126; *Philadelphia* v. *Collins*, 68 Pa. 116; Angel, Watercourses, 4th Ed. 133;

Wash., Ease. s. 213 ; *Race* v. *Ward*, 30 Eng. L. & E. 187, 192 ; *Pratt* v. *Samson*, 2 Allen 275.

Any one having lawful access to a stream may take water from it for domestic uses.  *Embey* v. *Owen*, 6 Exch. 353 ; *Philadelphia* v. *Collins*, 68 Pa. 123 ; Wash., Ease s. 224.

The opinion of the court was delivered by

START, J.   This cause was heard on bill and answer and the facts stated in the answer are to be taken as true.   A stream of water, called Jail Branch, runs through the town of Barre, flowing through the the villages of East Barre and Barre, the former village being about four miles above the latter on said stream.   Under No. 171 of the acts of 1886, the orator has erected a dam across Jail Branch three miles above the village of Barre and one below East Barre, and the village of Barre is being supplied therefrom.   There is also a stream of water called Nichol's Brook, which flows through East Barre and empties into Jail Branch about one mile above the orator's dam.   The inhabitants of East Barre have always taken water from Jail Branch, its feeders and tributaries, for their necessary use, and must always do so, as they have no other source of supply.   The orator has never obtained, by purchase or by the right of eminent domain, any right in the waters of the Jail Branch or its tributaries above its reservoir.   The defendants, under No. 186 of the acts of 1892, have, by purchase, acquired the right to construct a dam across Nichol's Brook and to build a reservoir at a point three-fourths of a mile southerly from Jail Branch, and have purchased the rights of the riparian owners in and to the waters of said stream flowing over and through their respective lands, from the site of their proposed dam and reservoir to the main stream ; and they have constructed an aqueduct from the site of said proposed dam to East Barre for the purpose of supplying the inhabitants of

East Barre with water for domestic, sanitary and fire purposes.

The waters of Jail Branch flow over the orator's dam and along its proper channel, notwithstanding the amount of water taken from the stream by the orator's aqueduct. Jail Branch is the natural outlet for the water in East Barre, and all water taken from said stream, its feeders and tributaries, and not consumed, must flow into Jail Branch about one mile above the orator's dam. The defendants deny that there will be any sensible diminution of the water, or the free flowing of the same, at the orator's reservoir, except the natural waste. The orator claims it is entitled to have all the waters of Nichol's Brook flow into Jail Branch and from thence into its aqueduct, and seeks to enjoin the defendants from taking any of the water in Nichol's brook for the purposes aforesaid. The inhabitants of East Barre have always obtained water for their use from Jail Branch and its tributaries, and all such inhabitants as can reach this stream and its tributaries without trespassing upon the lands of others, can lawfully use the water flowing therein for domestic purposes. In *Philadelphia* v. *Collins*, 68 Pa. 115, it is said: " Every individual residing upon the banks of a stream has a right to the use of the water to drink and for the ordinary uses of domestic life; and where large bodies of people live upon the banks of a stream, as they do in large cities, the collective body of the citizens has the same right, but of course in a greatly exaggerated degree."

A riparian owner may conduct water by means of pipes to any part of his premises, where he thinks it will be most convenient and advantageous to him, and may use the part so diverted for the same purposes and to the same extent that he could if it flowed there through a natural channel. *Chatfield* v. *Wilson*, 31 Vt. 358; *Wheatley* v. *Chrisman*, 24 Pa. St. 298. Dwellers in towns and villages watered by a stream may use the water for domestic purposes to the same

extent that a riparian owner can, provided they can reach the stream by a public highway or secure a right of way over the lands of others. It is immaterial how the dwellers on the stream take the water for the purposes for which they may lawfully use it. They can drive their cattle to the stream and allow them to quench their thirst, and can carry water in pails to their homes; or each individual can carry the water in a pipe to his dwelling for such use, provided he can secure a right of way for that purpose; or the dwellers on the stream may combine their funds to procure cheaper and better transportation by means of a pipe, and may use the water for their several necessities to the same extent that they could if it flowed past their dwellings in a natural channel. *Mayor of Philadelphia v. Spring Garden*, 7 Pa. 363.

The orator has not by purchase or otherwise acquired the water rights of the inhabitants of East Barre. It has not purchased or exercised the right of eminent domain in respect to any water rights above its reservoir, nor is it alleged in the bill that it has acquired a right to have the waters of Nichol's Brook flow into its reservoir. The rights acquired by the orator as against the inhabitants of East Barre are no greater than those of any riparian owner lower down the stream. By acquiring the right to construct a dam at a point one mile below East Barre and take water from that point by means of an aqueduct to the village of Barre, the orator acquired no greater rights, as against those using water above this dam, than the riparian owners of whom it procured such rights. The rights of these riparian owners in and to the waters of Jail Branch and its tributaries were subject to a reasonable use by the inhabitants of East Barre and the riparian owners above for domestic purposes; and if all the water is required and taken by such reasonable use the riparian owners below have no remedy. The water first reaches the inhabitants of East Barre and they can lawfully

use so much of it as is necessary for domestic, fire and sanitary purposes. *Evans* v. *Merriweather*, 4 Scam. 492; *Spence* v. *McDonough*, 77 Iowa 46 (42 N. W. R. 371).

The legislature has granted the defendants the right to supply the inhabitants of East Barre with water in the same manner that they could, individually or collectively, supply themselves. Acting under the authority thus given, the defendants have acquired by purchase the rights of the riparian owners on Nichol's Brook from the site of their proposed reservoir to the main stream, and have constructed an aqueduct from this point to East Barre; and they intend, without materially diminishing the flow of water to the orator's reservoir, or doing any unnecessary injury to the orator, to supply the inhabitants of East Barre with water for their reasonable use from the same source they have been accustomed to take it, and in the same manner that the orator, under legislative authority, is supplying the inhabitants of the village of Barre. We see no reason why they may not lawfully do so, as against the orator, who has never acquired, by purchase or otherwise, the water rights of the inhabitants of East Barre, or the rights of the riparian owners of Nichols Brook. To prevent them by injunction from so doing, would in our judgment be inequitable, and this is a sufficient reason for denying the injunction prayed for. *Ottaquechee Woolen Co.* v. *Newton*, 57 Vt. 451.

*Decree affirmed and cause remanded.*

Munson, J., concurs in the result.