## JOHN N. BAXTER v. VILLAGE OF RUTLAND.

### MAY TERM, 1895.

*Condemnation of water rights.    Fact that water power
not utilized immaterial.    Error must appear.*

1.  The fact that a water power has never been utilized does not
    prevent the riparian owner from recovering compensation
    for damages to the same when the water is taken for muni-
    cipal purposes.
2.  Where there is nothing upon the record to show that the com-
    missioners and county court in fixing the amount of dam-
    ages did not adopt the correct rule, the judgment will be
    affirmed.

Petition for the appointment of commissioners to assess the
damages of the petitioner occasioned by the taking by the
petitionee of the waters of East Creek.   Heard upon the re-
port of commissioners at the September term, 1894, Rutland
county, START, J., presiding.   Judgment for the petitioner
for the amount named in the petition.   The petitionee ex-
cepts.

*C. L. Howe* for.the petitionee.

*Geo. E. Lawrence* and *F. D. White* for the petitioner.

The petitioner is entitled to recover damages in view of any
use to which his water rights could be legitimately put,
whether they have been actually used for that purpose or not.
*Leonard* v. *Rutland*, 66 Vt. 105 ; Lewis, Eminent Domain,

sec. 61 *et seq*; *Bailey* v. *Woburn*, 126 Mass. 416; *Parker* v. *Griswold*, 17 Conn.

THOMPSON, J.   The defendant, the Village of Rutland, condemned and took certain water flowing through the petitioner's land, to supply it with water.   This proceeding is to recover such damages as accrued to him as a riparian owner, by reason of such taking.   There are two available water privileges on his land which were affected and rendered less valuable by the taking of the water by the defendant.   They have never been utilized, but this fact does not preclude the petitioner from recovering the damages thereto, resulting from such taking.   They then were available for use, if the owner had seen fit to use them.   He is entitled to recover of the defendant such a sum as will compensate him for the loss of the water for all available uses to which he, as riparian owner, legitimately might have put it at the time of the taking.   *Hooker* v. *Montpelier & White River R. R. Co.*, 62 Vt. 47; *Leonard* v. *Rutland*, 66 Vt. 105; *Bailey* v. *Woburn*, 127 Mass. 416.   The defendant in his argument concedes this to be the correct measure of damages, but contends that the commissioners must have assessed the damages upon some other theory.   This does not appear from their report. The record does not show that the defendant filed exceptions to their report, nor does it appear that this question was raised in the court below, and consequently it is not before this court.   The contrary not appearing, it is to be presumed that the commissioners and the court below adopted and applied the correct rule in respect to damages.

*Judgment affirmed with interest and costs to petitioner.*