## I. E. AND I. M. BRIDGEMAN

v.

## VILLAGE OF HARDWICK.

May Term, 1895.

*Damages recoverable for the taking of water.   Interest.*

1.  The owner of a farm adjacent to a village may recover as · damages for the taking of the water of a brook running through the same not merely what it is worth for farm purposes, but also in view of the fact that the land is available for building lots and the water for supplying buildings which may be erected thereon.

2.  Where commissioners appointed by the county court to assess damages report that the petitioners "are entitled" to a sum named, it will be presumed that they included interest to the first day of the term to which their report is returned.

Appeal from the award of the trustees of the village of Hardwick of damages for the taking of the water of the petitioners.   Heard upon the report of commissioners at the June term, 1894, Caledonia county, Munson, J., presiding. Judgment for the smallest sum named in the petition.   The petitioners except.

*Bates & May* for the petitioners.

The owner is entitled to damages in view of all the uses to which the water can be put, whether he is actually putting it to that use or not.   *Maynard* v. *Northampton*, 157

Mass. 218; *Currie* v. *Rd. Co.*, 52 N. J. L. 381; *Stafford* v. *Providence*, 10 R. I. 567.

The damages to the whole farm must be considered; not merely those to the parts adjacent. *Currie* v. *Railroad Co.*, 19 Am. St. Rep. 452; 6 Am. & Eng. Ency. Law 574; *San Antonia Rd.* v. *McGregor*, (Texas) 22 S. W. Rep. 269; *Seattle Railroad* v. *Murphine*, 4 Wash. St. R. 448; *Chicago Railroad* v. *Davidson*, 49 Kan. 589; *Maynard* v. *Northampton*, 157 Mass. 218; *Krerner* v. *Railroad*, (Minn.) 52 N. W. 977; *Boon Co.* v. *Petterson*, 98 U. S. 403; *Railroad Co.* v. *Murphy*, 19 Minn. 500; *Barre Water Co.* v. *Carnes*, 65 Vt. 626; *Alta Land & Water Co.* v. *Hancock*, 85 Cal. 219; *St. Ant. W. P. Co.* v. *Minneapolis*, 41 Minn. 270.

The petitioners should have interest from the date of the taking. Acts of 1892, No. 121, s. 6; *Stafford* v. *Providence*, 14 Am. Rep, 710; *Fox* v. *Rd. Co.*, 31 Cal. 556; *Railroad Co.* v. *McComb*, 60 Me. 290; *Fink* v. *Newark*, 40 N. J. L. 11; *Railroad Co.* v. *Waldron*, 11 Minn. 515.

*Taylor & Dutton* for the petitionees.

The owner of this farm could divert only so much of the water as was necessary for his own domestic purposes, and can only recover damages on that basis. *Howe Scale Co.* v. *Terry et al.*, 47 Vt. 122; *Chatfield* v. *Wilson*, 31 Vt. 358; *Davis* v. *Fullers*, 12 Vt. 178; *Howard* v. *Rutland*, 64 Vt. 41; *Leonard* v. *Rutland*, 66 Vt. 105; Gould on Waters, ss. 204, 205, 208, 245; *Cooper* v. *Williams*, 22 Am. Dec. 745; *Delling* v. *Murray*, 63 Am. Dec. 385; *Eddy* v. *Simpson*, 58 Am. Dec. 408; *Kidd* v. *Laird*, 76 Am. Dec. 472; *Rhodes* v. *Whitehead*, 84 Am. Dec. 631; *Johns* v. *Stevens*, 3 Vt. 308; *Norton* v. *Valentine*, 14 Vt. 239; *Ford* v. *Whittemore*, 27 Vt. 265; *Newhall* v. *Inerson*, 54 Am. Dec. 790.

THOMPSON, J.   I.   This is an appeal from the award
of one cent damages to the petitioners by the trustees of the
village of Hardwick for water taken by the village under
authority granted in its charter, for domestic, sanitary, fire
and other purposes. The petitioners appealed, and this pro-
ceeding was for a reassessment of their damages by the
county court.

They are the owners of a farm of about one hundred acres
lying northerly and westerly of the village of Hardwick,
and adjoining the same. Quite a large portion of the south-
erly part of their farm, adjacent to the village, is suitable
and quite valuable for building purposes, and they have sur-
veyed and plotted into building lots quite a portion of land
adjacent to the village and offered the same for sale. Eaton
brook flows through their farm for the distance of nearly
three-fourths of a mile.   It is the water of that stream that
the defendant has condemned and taken, diverting it from
its natural channel at a point above where it enters
the petitioners' farm. The building lots plotted and offered
for sale are not adjacent to nor bordering upon the brook,
but the land bordering upon it is suitable for building pur-
poses. The petitioners have never utilized the water for any
other than farming purposes.

The defendant claims that their right of recovery is limit-
ed to three hundred dollars, which the commissioners find
to be the amount of the petitioners' damage by reason of be-
ing deprived of the water for domestic purposes and such
benefits as might result to their land for the purpose of irri-
gation.

As we construe the original and supplementary reports,
taken together, the commissioners make the alternative find-
ing that, if the petitioners had the right to sell building lots
not abutting on the brook and to supply buildings erected
thereon with water from the brook, or to sell the right to
take water therefrom for domestic purposes to supply the

buildings which might be erected on such lots, they are entitled to recover eight hundred dollars damages, which sum includes the three hundred dollars already mentioned.   The petitioners insist that, on the facts reported, they are entitled to recover the larger sum.   These are the only claims in respect to damages now urged by either party, except as to interest.

The petitioners' right of recovery is not limited to the damages resulting from being deprived of the use of the water for the legitimate uses to which they had put it prior to the taking by the defendant.   They are entitled to recover such a sum as will compensate them for the loss of the use of the water for all available purposes to which they legitimately might have put it, or might have permitted it to be put, at the time of the taking.   *Baxter* v. *Rutland*, 67 Vt. 607, decided this term ;   *Hooker* v. *Montpelier &* *White River R. R. Co.*, 62 Vt. 47 ; *Leonard* v. *Rutland*, 66 Vt. 105 ; *Bailey* v. *Woburn*, 126 Mass. 416.   The mere plotting of the building lots in anticipation of an opportunity to sell them did not sever them from the residue of the farm, but they were still an integral part of it, and the entire farm still continued to be riparian to the stream.   *Alta Land & Water Co.* v. *Hancock*, 85 Cal. 218 ; 20 Am. St. R. 217.

In *Barre Water Co.* v. *Carnes et al.*, 65 Vt. 626, this court said :

"A riparian owner may conduct water by means of pipes to any part of his premises, where he thinks it will be most convenient and advantageous to him, and may use the part so diverted for the same purposes and to the same extent that he could if it flowed through a natural channel.   *Chatfield* v. *Wilson*, 31 Vt. 358 ; *Wheatley* v. *Chrisman*, 24 Pa. St. 298.   Dwellers in towns and villages watered by a stream may use the water for domestic purpose to the same extent that a riparian owner can,   provided they can reach the stream by a public highway   or secure a right of way over the lands of others.   *   *   *   They can drive their

·cattle to the stream and allow them to quench their thirst, and can carry water in pails to their houses; or each individual can carry the water in a pipe to his dwelling for such use, provided he can secure a right of way for that purpose."

The petitioners, with each lot sold which does not abut on the stream, can sell a right of way thereto over their land. Residents of buildings erected on lots thus sold, would be ·dwellers of a town or village within the meaning of the law laid down in *Barre Water Co.* v. *Carnes, supra,* and as ·such, having lawful access to the stream, could take water for domestic purposes, if it were not all taken by the defendant. Thus, if the water had not been taken by the defendant, the petitioners could in effect have sold the right to take water to supply for domestic purposes the buildings erected on lots not abutting the stream, for with the right of way the occupant could thus take the water, and without it he could not.

II. The plaintiffs claim to recover interest from the date ·of the taking of the water by the defendant, on whichever sum found by the commissioners, this court holds they are entitled to recover. They are entitled to interest on such ·damages from the time of the taking. No exception was taken to the commissioners' report on the ground that they ·did not consider and allow interest in arriving at their findings in respect to the amount of damages. Each of their ·alternative findings is in the present tense "the plaintiffs ·are entitled to recover," referring to the first day of the term of court to which they made and returned their report. The ·original report was recommitted on other questions. The ·case standing thus, we think it is to be presumed that they included interest in arriving at the damages reported.

*Judgment reversed and judgment for the plaintiffs to recover eight hundred dollars, with interest from June 5, 1894, and their costs.*