ELIZABETH B. NEWTON *vs.* CITY OF NEWTON.
JOSEPH GREEN *vs.* SAME.

Middlesex.    March 17, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Damages*, For property taken under statutory authority.    *Eminent Domain.*    *Evidence*, Admissions and confessions.

If a city, authorized by a statute to take land in fee simple or otherwise for the purpose of improving watercourses within its territory, in altering the course and deepening the channel of a certain brook and constructing it as an open brook with low walls, sloping sides and a paved bottom, takes the land through which the brook runs and orders the owners within ten days to take off "fences, trees and other property which may obstruct the construction of said improvement," without declaring that a fee is necessary for the purposes of the taking, only an easement is taken.

The answer of a city to a petition for damages for the taking of the petitioner's land for the improvement of a certain brook in admitting that lands were taken for that purpose does not admit that the lands were taken in fee.

TWO PETITIONS, filed October 7, 1902, for damages from the taking of land of the petitioners by the city of Newton under St. 1898, c. 63, for the improvement of Hammond Brook as stated in the opinion.

In the Superior Court the cases were tried before *Wait,* J. The judge instructed the jury that in each case the defendant took not a mere easement but the fee in the petitioners' land. The jury returned verdicts for both petitioners, in the first case in the sum of $886.32, and in the second case in the sum of $821.24, both sums including interest from the date of the taking.    The respondent alleged exceptions.

*W. S. Slocum,* for the respondent.

*J. W. Allen,* (*E. E. Kent* with him,) for the petitioners.

KNOWLTON, C. J.    The city of Newton, acting under the St. 1898, c. 63, took lands of the respective petitioners for the purpose of improving one of the brooks in the city.    The first section of this statute is as follows: "The city of Newton for drainage purposes or for the protection of the public health, or both, may within the limits of said city, from time to time, im-

prove the brooks and natural streams flowing in or through said
city or any portion thereof, by widening the same, removing ob-
structions in or over the same, diverting the water, altering the
courses or deepening the channels thereof, and the more effectu-
ally to make said improvements may take land in fee simple or
otherwise on either side of the present channels of any such brook
or natural stream, or may take land to form new channels into
which said waters or any surface waters may be diverted within
the limits of said city." The question is whether the taking was
of a fee, or only of an easement in the land.

Under the statute the city could take land only to make these
improvements, and only such an interest as was reasonably neces-
sary for that purpose. Because it might be doubtful in many
cases whether a fee was necessary the statute authorized the city
to determine the question, and take a fee whenever it deemed so
large an estate necessary to the proper construction and mainte-
nance of the improvement. In taking the lands of the petition-
ers the city did not in terms state how large an estate was taken.
The order adopted by the board of aldermen, which constitutes
the taking, recites that public convenience and necessity require
the improvement of Hammond Brook in the manner referred to
in the statute, whose language is followed in this part of the
order, and that the taking of the several parcels of land described
is necessary, and that notice was given and a public hearing had,
and then orders that this brook be improved " as aforesaid by
widening the same, removing obstructions in or over the same,
diverting the water, altering the course and deepening the chan-
nel thereof and taking land therefor on the sides of the present
channel and for forming a new channel into which said waters
and any surface waters may be diverted within the limits of said
city as shown on said plans and profiles and described, and to be
constructed and completed as follows," etc. Then follows a
" Description and Method of Construction " which shows an open
brook with low walls and sloping sides and a paved bottom, and
gives its location with courses and distances. It is further " Or-
dered, that the following described parcels of land be and the
same are hereby taken for the purposes aforesaid." We next
have a description of the lands taken, with an assessment of
damages, and an order allowing the owners ten days to take off

" fences, trees and other property which may obstruct the construction of said improvement."

The taking of the land is only " for the purposes aforesaid." The city did not assume to determine that the taking of the fee was necessary. In the absence of such a determination, and with a statute which does not indicate that the taking is to be of a fee unless there is such a determination and an order accordingly, we are left to apply the common rule that, " when private property is taken in the exercise of the right of eminent domain, the taking must be limited to the reasonable necessities of the case, so far as the owners of the property taken are concerned." *Rockport* v. *Webster*, 174 Mass. 385, 390. In *Attorney General* v. *Jamaica Pond Aqueduct*, 133 Mass. 361, 365, this rule is stated as follows : " The uniform rule in Massachusetts is, that when the Legislature delegates to a corporation or person the power to take land of another in the exercise of the right of eminent domain, such corporation or person takes only such estate in the land taken as is necessary to carry out the purposes for which it or he is permitted to take it. This rule is constantly applied in the cases of highways, turnpikes, railroads, canals, aqueducts, sewers, and other like cases. *Harback* v. *Boston,* 10 Cush. 295. *Clark* v. *Worcester*, 125 Mass. 226. It is not necessary that the defendant should have a fee to enable it to carry out all the purposes of the act, and it therefore took only an easement, and the fee remained in the original owner. *Ætna Mills* v. *Brookline,* 127 Mass. 69–72." See *Boston* v. *Brookline,* 156 Mass. 172, 176 ; *Newton* v. *Perry,* 163 Mass. 319 ; *Conklin* v. *Old Colony Railroad,* 154 Mass. 155. In *Dingley* v. *Boston,* 100 Mass. 544, and *Page* v. *O'Toole,* 144 Mass. 303, the purposes of the Legislature were broad, and the language of the respective statutes was materially different from that in the present case.

It is obvious that an easement in the land is all that is necessary to enable the city to complete and maintain the improvement. A construction of the statute which would leave the petitioners with no access to the waters of the brook and would create an impassable barrier between lands on opposite sides of the brook would be unreasonable.

That part of the order which fixed the time within which the petitioners might remove their property mentioned only property

which might "obstruct the construction of said improvement," and implied that other property, if there was any, lawfully might remain without change of ownership. The respondent's admission in its answer that there was a taking of lands is not an admission that the fee was taken, and the question raised at the trial is open under the pleadings.

*Exceptions sustained.*