# WHEELING.

## RAILROAD COMPANY *v.* TYREE.

### July 15, 1874.

Commissioners appointed by a circuit court, under the eleventh section of the forty-second chapter of the Code of West Virginia to ascertain the value of the land proposed to be taken by a railroad company for the purposes of its road and damages to the residue of the tract, &c., ascertain the actual value of the land at the time when taken, without reference to any enhanced value given thereto and common to other land owners along the line of the road by reason of the prospective construction of the railroad company's road through the land, such value, so ascertained, is a just compensation for the land, to the land owner, within the meaning of the Constitution.*

Writ of error, granted by one of the Judges of this Court, upon the petition of the Chesapeake and Ohio

---

* For section fourteen of chapter forty-two of the Code, referred to in the opinion of the Court, see *Railroad Company v. Halstead, infra* 301. The following is section eleven of the said chapter, referred to in the opinion of the Court:

"11. The appraisement shall be made as follows: thirteen disinterested freeholders shall be nominated by the court, of whom the applicant may strike off four or less number from the list, and the defendants, or such of them as appear or are represented, may also strike off four or less number, and after eight names are stricken from the list,, the remaining five shall be the commissioners. But where there is no appearance for the defence, or the defendants who appear or are represented do not agree as to any one or more of the names to be stricken off on their behalf, or the right to strike off any one or more names is waived on the part of either the applicant or defendant, or from any cause the full number shall not be stricken off by the parties, the names or additional names, as the case may be, to be stricken from the list in order to reduce the number to five, shall be ascertained by lot, under direction of the court. Vacancies shall be filled, and any commissioner for good cause shown may be removed by the court."

Railroad Company, to a judgment of the circuit court of Fayette county, to certain proceedings had therein under the forty-second chapter of the Code, to acquire so much land, owned by William Tyree, situate in said county, as should be necessary for the right of way, and for other purposes, under their charter, by the said Company.

The judgment was rendered on the 3rd day of September, 1873. The other facts appear in the opinion of the Court.

The Hon. Homer A. Holt, judge of said circuit court, presided at the trial below.

*William H. Hogeman*, for the appellant.

*Samuel Price*, for the appellee.

HAYMOND, PRESIDENT:

This is a proceeding of the plaintiff against the defendant to condemn a part of the defendant Tyree's land for the purposes and uses of plaintiff in constructing, maintaining and using its Railroad. The proceedings were had under the forty-second chapter of the Code of this State. It is agreed by the parties that the application by the plaintiff was duly and properly made according to the statute; that the notice was duly served on the defendant; that the commissioners were regularly appointed according to the provisions of section eleven of chapter forty-two of the Code; that the commissioners were duly sworn, and a certificate of their oath returned with their report, and that said Tyree was duly notified of the time and place of the meeting of the commissioners on the land proposed to be taken, and that he was present with them at the time of the valuation. The report of the commissioners is, on its face, in substance, as well as form, in accordance with the provisions of the fourteenth section of chapter forty-two of the Code and is signed by the five commissioners. The

defendant, on the report being returned to the circuit court of Fayette county, in which county the land is situate, filed three several exceptions thereto, of which it is only necessary to consider the *third*, which is as follows, viz:

"Because the commissioners, in making their assessment of damages, adopted an erroneous principle which misled them. They assessed the then value of the land without reference to any enhanced value which the prospect of the road had imparted to that land, in common with all the other lands adjoining and contiguous to the line of the Road." The case was on the 3rd day of September, 1873, heard by the court on the report, and the exceptions filed thereto, and the facts as agreed by the parties. Among the facts agreed are those numbered *seventh*, *eighth* and *ninth*, and they are as follows:

"*Seventh*. That the commissioners, in ascertaining a just compensation to the defendant, for the land and damages mentioned in their report, valued said land without reference to any enhancement of its exchangeable value existing, on the day of the valuation, by the commissioners, and given to it by the contemplated building of said Railroad, but estimated it at its actual value at the time without reference to any enhanced value given to said land by reason of the prospective construction of the applicant's Railroad through said land."

"*Eighth*. That if said commissioners had estimated said land according to the enhanced value at the time, based on the prospective building of plaintiff's Railroad, through said land, which enhanced value was common to other lands along the said road, the assessment would have been considerably larger."

"*Ninth*. That the said Railroad was not built at the time of said assessment along the line, and at that point, but was in process of construction along the line and at that point."

The court, on the facts agreed, aforesaid, sustained said third exception to the report, and gave no opinion

as to the other two exceptions, and adjudged and ordered, that the report be set aside and recommitted to the same commissioners for a further report to be made according to law. To which opinion and decision of the court the plaintiff excepted. To this opinion and decision, on the application of plaintiff, a *supersedeas* has been allowed, and the question to be determined is whether the circuit court erred in its said decision.

The fourteenth section of the forty-second chapter of the Code provides that as to each tract, the commissioners after viewing the same and hearing any proper evidence which is offered shall ascertain what will be a just compensation to the person entitled thereto, for so much thereof as is proposed to be taken, and for damage to the residue of the tract, beyond the peculiar benefits to be derived in respect to such residue from the work to be constructed, for the purpose to which the land to be taken is to be appropriated and make report, &c. This section of the Code so far as I have quoted from it is taken from the tenth section of the fifty-sixth chapter of the code of Virginia of 1860, which was in force in this State so far as relates to this subject, as now recollected, up to the time the Code of this State took effect, and it is intended to be in accordance with the principles decided by the Court of Appeals of Virginia in 1838, in the case of the *James River and Kanawha Company v. Turner*, 9 Leigh. 313, so far as the principles there decided apply thereto. Although that decision was made by less than a full court, and by a majority of those present, its correctness has since been recognized by the same court. See *Muire v. Falconer* 10 Gratt., 17 and 18. The general legislation in Virginia and this State upon the subject has, so far as I am advised, conformed to the principles held in the case cited in 9 Leigh. The charter of the J. R. and K. Company provided, that the assessors for ascertaining damages to proprietors of lands required for the Company's canal and improvement, should take into consideration the quantity and quality of the land to be

1874.
June Term.

Railroad Co.
v.
Tyree.

condemned, the additional fencing that will be required thereby, and all other inconveniences that will result to the proprietor from the condemnation thereof, "and shall combine therewith a just regard to the advantages which the owner of the land will derive from the improvement, for the use of which his land is condemned." *Held* that the advantages to be derived to the owner of the land condemned for the Company's use, from the improvement to which the charter requires the assessors to have regard, are such advantages as particularly and exclusively affect the particular tract or parcel of land whereof a portion is condemned—not advantages of a general character which may be derived to the owner in common with the country at large from the improvement. And it seems that, if the charter had provided that advantages of a general character, which the owner of the land condemned may derive from the improvement in common with the country at large should be set-off against the actual value of the land condemned and the actual damages sustained by the owner, such a provision would have been unconstitutional." 9 Leigh., 313.

The facts agreed in the case under consideration fairly construed certainly mean that the commissioners did assess or ascertain the actual value of the defendant's land at the time when taken, without reference to any enhanced value given to the land in common with other land owners along the line of the road by reason of the prospective construction of the plaintiff's Railroad through the land. Said fourteenth section of the Code evidently means that the commissioners shall ascertain what will be a just compensation to the owner for so much thereof as is taken, at the time it is taken. The question here arises, what is a just compensation for the land taken in the sense and meaning of the law and constitution? If the owner of the land proposed to be taken gets its actual value at the time when taken by the railroad compa-

88

ny, without reference to any enhanced value which may have attached thereto by reason of the prospect of the railroad being constructed in the future, does he not receive a just compensation therefor within the meaning of the law and the constitution? Is not the enhanced value which may or does attach to the land by reason of the prospective construction of the railroad speculative? The railroad may never be completed. Its construction for various reasons may fail to have its supposed effect. Again, if we attempt to fix the enhanced value of the land because of the prospect of the railroad being constructed and completed in the future, do we not fix or ascertain the value of the land taken with reference to the future and not to the time when taken? and is not that value predicated upon an uncertain contingency, and speculative? It is my conclusion after much reflection and thought upon the subject, that a valuation thus ascertained and fixed would be speculative in its character and would not be the actual value of the land taken, at the time when taken. When the government *needs* my land it has the sovereign right to take it; and when it takes it by virtue of such sovereign right and power, it is bound by the constitution to pay me the value thereof at the time it is taken. The government cannot speculate upon contingent benefits in lieu of the land actually taken, nor can the owner speculate upon what would be, thereafter, the enhanced value of the land, after the purpose for which it is taken is completed. *Robbins, Respondent, v. the Milwaukee and Horicon Railroad Company*, 6 Wis., 636. The commissioners should determine what would be a just compensation for the land taken, when taken. They were to decide questions of present value and not to speculate in respect to the probable consequences of constructing and operating a railroad. These are too uncertain to be made the subject of judicial enquiry. The *C. and N. Falls, R. Co., v. Payne*, 16 Barbour, (N. Y.) 273. See opinion of court on page 276.

Upon the whole it seems to me that the actual value of the land when taken without reference to enhanced value, given to it, common to other land owners along the line of the road, by reason of the prospective construction of the railroad in question, through the land, is as nearly a just compensation, when everything is considered, within the meaning of the Constitution as can be arrived at. If this, as a rule, is departed from, there is manifest danger of injustice being done to the Railroad Company or to the public, as the case may be. If it is adhered to, then the land owner receives a just compensation for his land, which is taken, and not an excessive or unjust compensation. In addition to ascertaining the actual value of the land the fourteenth section of chapter forty-two of the Code requires the commissioners to ascertain the damage to the residue of the tract, beyond the "peculiar benefits," to be derived in respect to such residue from the work to be constructed or the purpose to which the land to be taken is to be appropriated. "Peculiar benefits" as employed in said section I understand to mean, such benefits as particularly and exclusively affect the particular lot, parcel or tract of land, whereof a portion is condemned, and not advantages, of a general character, which may be or are derived in common, by the owners along the line of the improvement or road, or benefits, derived by the country at large.

It appears by the record, that on the 4th day of September, 1873, the Railroad Company paid into said circuit court $96, being the amount reported by the commissioners in this case, for the land taken, including interest thereon, from the date of the report to the time of payment.

For these reasons, the decision and judgment of the circuit court of said county of Fayette, setting aside and recommitting the said report of the commissioners, must be reversed and annulled, and the appellant recover its costs here against the appellee, William Tyree. And this Court,.

proceeding to render such judgment in the cause, as the said circuit court ought to have rendered, it is adjudged and ordered, that the said report of the commissioners be, and the same is, hereby confirmed, and that the same be recorded on the chancery order book of the circuit court of said county of Fayette. It is further considered and adjudged, that the said Chesapeake and Ohio Railroad Company do pay to the said William Tyree, his costs incurred in this cause in the said circuit court.

Paull and Moore, Judges, concurred.

Hoffman, Judge, absent, by reason of sickness.

JUDGMENT REVERSED, AND CORRECTED IN APPELLATE COURT.