### No. 6486.

GEST & ATKINSON vs. N. O., ST. LOUIS, AND CHICAGO RAILROAD COMPANY.

Where by a judgment of a circuit court of the United States the assets of a corporation have been taken possession of, and placed in the hands of a receiver, no writ of attachment, or any other process can legally issue from any other court to disturb the receiver's possession of such assets, or take effect on any right, or debt, that may have accrued in favor of the corporation after the receiver had qualified, and taken charge.

Under the law of Louisiana mortgaged property may be sequestered.

Extracts from the judgment of another court are not admissible in evidence, in order to show the force and effect of the judgment. A certified copy of the entire judgment, together with all the pleadings that led up to it, must be put in evidence.

APPEAL from the Superior District Court, parish of Orleans. *Lynch,* J.

*McGloin & Nixon* for plaintiff and appellant.

*L. E. Simonds* for defendant.

The opinion of the court was delivered by

SPENCER, J. Plaintiffs obtained final judgment against the defendant railroad on twenty-fifth of May, 1876.

They thereupon issued execution, and propounded interrogatories to Glover & Odendahl, E. Marquez & Co., and Leonard & Maxwell, as

garnishees, seizing in their hands any moneys due to the defendant railroad.

On twenty-ninth of August, 1876, J. B. Alexander, alleging that in a certain suit pending in the United States Circuit Court for Louisiana, entitled "Illinois Central Railroad Company et al. vs. New Orleans, St. Louis, and Chicago Railroad Company," he had been, by order and decree of said court, of date eleventh March, 1876, appointed receiver of the said defendant railroad, and as such put into possession of all its property, franchises, and revenues. That the said writs of garnishment, in so far as they operated a seizure of the revenues and earnings of said road, accruing subsequent to said date, to wit: eleventh March, 1876, disturbed his said possession and enjoyment, and were in violation of and in conflict with the said orders and decrees of the Circuit Court. Wherefore he prayed that plaintiffs be ruled to show cause why the said writ of garnishment and the interrogatories propounded thereunder, so far as they conflict, interfere with, or disturb his possession, use, and administration of said property, so in his custody, should not be annulled, vacated, and quashed, and that the civil sheriff be ordered to notify the parties garnisheed that the said garnishment will only apply to indebtedness originating prior to eleventh March, 1876, and not to freights or other sums due and earned by said railroad since said eleventh March, 1876.

This rule was tried and made absolute, and the plaintiffs, Gest & Atkinson, appeal.

If the facts stated in the rule are proved by legal and competent evidence there is no doubt in our minds of the correctness of the judgment.

The United States Circuit Court in a suit pending before it, had in effect caused the New Orleans, St. Louis, and Chicago Railroad to be judicially sequestered, and had appointed a receiver therefor. Having thereby acquired custody and jurisdiction of the property, and consequently of its revenues and earnings thereafter, it is elementary that no other court could, by its process, take the property out of the custody, or divest the jurisdiction, of the Circuit Court. The revenues and earnings of the road subsequent to eleventh of March, 1876, the date of sequestration, were in the custody of the Circuit Court, and could not be seized by *fieri facias* garnishment or otherwise by any other court.

It is unnecessary to discuss the legality of the appointment of the receiver.

We must presume that that court has proceeded according to law. We simply remark, *en passant*, that there is ample authority under our law for the sequestration of mortgaged property. O. C. C. 2948, 2950; C. P. article 275, paragraph six. We would not consider it a very grave

departure from our law if the "judicial guardian" of whom it speaks were called a *receiver* or a "keeper."

We think, however, that the evidence offered by the receiver in support of his allegations was insufficient and illegally admitted. The plaintiffs' objections, as stated in the bills of exception, were good and should have been sustained. Mere extracts from the judgments of the Circuit Court appointing the receiver and granting him writs of assistance to maintain his control and possession of the property, were not admissible. 19 L. 526; 3 An. 594. We do not think this case comes within the scope of those where extracts from inventories and process verbals of sales have been admitted.

In order that this court may know the extent of the receiver's rights and powers, under the judgments in question, it ought to have the opportunity of examining the pleadings upon which said judgments were rendered.

A decree read under the light of the pleadings may be and often is a very different thing from what it would appear to be if considered disconnectedly. Rejecting these extracts, the receiver has failed to make out his case.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed; and it is now ordered that the rule taken herein by J. B. Alexander be dismissed at his costs in both courts, as in case of nonsuit.