Hallum v. Dickinson.

*7 SAME:—Debts not due.* (margin note)

## HALLUM v. DICKINSON.

1. EVIDENCE: *Action on judgments ; Plea, nul tiel record.*

   To maintain an action on a judgment against a plea of *nul tiel record*, a certified copy of the judgment alone is not sufficient, but all the pleadings and proceedings on which the judgment is founded, and to which as matter of record it necessarily refers, must be produced.

2. STATUTE OF LIMITATIONS: *Commencement of suit.*

   The filing of a complaint is not, alone, the commencement of an action. Process on it must also be issued, and until then the running of the statute of limitations is not arrested.

3.  SAME: *Issuing of summons; Proof of.*
    Upon proof of the loss or destruction of a writ, the date of its issue and its contents may be proved by secondary evidence.

4.  RES JUDICATA: *Effect of nonsuit.*
    A nonsuit, whether voluntary or involuntary, is not a judgment upon the merits and will not prevent another suit on the same cause of action; or, if it has that effect in the state where taken, it will not in other jurisdictions where such a rule does not exist.

5.  PRACTICE: *Judgment; Adding interest to verdict.*
    The court has no power to add interest to the verdict of a jury in rendering judgment.


APPEAL from *Lonoke* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.


*Jno. Hallum,* pro se.

1. No sufficient transcript of the Tennessee judgment was filed; the pretended transcript of the judgment was fatally defective.

2. The suit is barred by the statute of limitations of ten years. The complaint was filed in time but it does not appear that a summons was issued until after the ten years had expired; nor was a copy of the judgment filed until after ten years.

3. The nonsuit in Colorado was a bar to any subsequent action.

4. The court erred in rendering judgment for more than the verdict of the jury.


*R. J. Lea,* for Appellee.

The complaint was filed within less than ten years after the judgment. The fact of the issuance of a summons was made a point for the *first time* in this court. No objection was made in the court below. It was the clerk's duty to issue the summons when the complaint was filed, and in the absence of proof

to the contrary, the law presumes the clerk did his duty. *Secs. 4968 and 4974 Mansf. Dig.; 25 Ark., 314; 24 Id., 402; 2 Id., 26; 30 Id., 69; 24 Id., 359.*

As to the nonsuit, see *Freeman on Judg., p. 261; Rev. St. Col., sec. 29, p. 510; 2 Scam., 262; 17 Ill., 494; 24 Ill., 464; 34 Id., 435.*

The judgment sued on was regular on its face, and discloses the fact that the court pronouncing the same had jurisdiction. *22 Ark., 389; 14 Id., 360; 13 Id., 33.*

SMITH, J.   This is an action by Dickinson upon a judgment which, it was alleged, he had recovered against Hallum, on the 6th of April, 1872, by the consideration of the Supreme Court of Tennessee.   The defenses were:   1. *Nul tiel record.*   2. The statute of limitations of ten years.   3. *Res judicata;* the plaintiff having impleaded the defendant in May, 1875, in a court of general jurisdiction in the Territory of Colorado, where he was met by pleas of *nul tiel record,* and the territorial statute limiting actions upon foreign judgments to three years after rendition of the same; which said pleas were adjudged good upon demurrer, whereupon the plaintiff interposed a frivolous replication and afterwards took a voluntary nonsuit. 4.   Fraud in procuring the judgment declared upon.

The first plea was, upon an inspection of the record relied upon, determined in favor of the plaintiff, and the remaining issues were submitted to a jury, who found a verdict against Hallum for $1896.39.   Judgment was entered for this sum and for the further sum of $202.83, by way of interest since the commencement of the action.

Hallum moved for a new trial, alleging misdirection of the jury, error of the court in giving judgment against him on the first plea, and that the verdict was contrary to law and evidence. His motion being denied, he excepted and appealed.

Hallum v. Dickinson.

As the charge of the court is not incorporated, nor even referred to, in the bill of exceptions, we take no notice of his assignments of error upon that head.

The plea of *nul tiel record* puts in issue the existence of any record of the supposed recovery against the defendant. To prove that such a judgment had been rendered, the plaintiff offered the following transcript:

1. EVIDENCE: On plea of *nul tiel record*.

"THE STATE OF TENNESSEE.

"Pleas before the Supreme Court of said State, for the western division thereof, at Jackson, on the —— Monday of April, A. D. 1872. Present the Hon. A. O. P. Nicholson, Chief Justice, and Robert McFarland, Thos. J. Freeman, James W. Deadrich, Peter Turney and John L. T. Sneed, Associate Judges, to-wit:

Saturday, April 6, 1872.

"John A. Onley, trustee, and John Hallum, }
                vs.                   }
"E. Fejan, trustee, and John A. Dickinson. }

33—1st Cir. Ct., Shelby County.

"Came the parties, by their attorneys, and thereupon the record, proceedings and judgment of the court below, in this cause, being seen and fully understood by the court, and it appearing that in the same there is no error, it is therefore considered by the court that the judgment aforesaid be and the same is in all things confirmed, and that the defendant in error, John A. Dickinson, recover of the plaintiff in error the sum of sixteen hundred and eighty-seven 12-100th dollars ($1687.12), the amount of the judgment below; and of said plaintiff in error and C. W. Frazer, his surety on appeal bond, the further sum of two hundred and nine 27-100th dollars ($209.27), interest on said judgment from the 11th day of March, 1870, the date of its rendition, to the present time, and also the costs of this cause in this court and the court below—for all which let execution issue."

This is certified by the clerk of said court to be a true, perfect and complete copy of the judgment pronounced in said case; and his certificate is duly authenticated by the Chief Justice. The previous pleadings and proceedings in the court, whose judgment was affirmed, were not attached, nor the process by which the cause was removed from that court to the appellate court.

From this imperfect record it cannot be discovered what was the nature of the original action, nor who were the plaintiffs in error against whom judgment is rendered, nor indeed, except by inference, that any writ of error was sued out. Moreover, the judgment appears to have been against two or more persons, whereas it is here declared upon as a judgment against Hallum alone. There are no averments in the complaint to cure this apparent variance; nor are the ambiguities in the final judgment removed, as probably they would be, by the production of the whole record.

"By the judgment," says Mr. Justice Story, in *Owings v. Hull,* *9 Peters, 623,* "we are to understand not that part of the record, which, in a suit at the common law, technically follows the *ideo consideratum est,* etc., for that would be wholly unintelligible, without reference to the preceding pleadings and proceedings; but that which, in common as well as legal language, is deemed the *exemplification* of a judgment; that is to say, all the pleadings and proceedings on which the judgment is founded, and to which, as matter of record, it necessarily refers." Compare *Abbott's Trial Evidence, 536-7, 544-5; 1 Gr. Ev., sec. 511; 2 Phillips Ev., 344, note 371, 4 Am. ed., Cowan and Hill's notes; Knapp v. Abell, 10 Allen, 485; Clark v. Depew, 25 Pa. St., 509; Hargis v. Morse, 7 Kans., 415; Gest & Atkinson v. N. O., St. L. & C. R. R. Co., 30 La. Ann., 28.*

The record produced is insufficient, in and of itself, to show that judgment was rendered against Hallum as alleged.

The verdict of the jury on the issue raised by plea of the statute of limitations is also not supported by sufficient evidence.

2. STATUTE OF LIMITATIONS :—. What is commencement of suit.

The complaint was filed March 31, 1882. There is no proof when, if ever, process was issued thereon; although there is a memorandum by the clerk that the original summons had been lost or mislaid. Hallum did not appear to the action until July 14, 1882. Now the filing of the complaint alone, without causing a summons to be issued, was not enough to arrest the statute. The burden was upon the plaintiff to show also the suing out of process within the ten years. *Mansf. Dig., sec. 4967; State Bank v. Cason, 10 Ark., 479; State Bank v. Brown, 12 Id., 94; McNeil v. Garland & Nash, 27 Id., 343.*

After proof of the loss or destruction of the writ, the date of its issue and its contents could have been proved by secondary evidence. *1 Gr. Ev., sec. 509; Freeman on Judgments, Sec. 407; Davies v. Petit, 11 Ark., 349; Mason v. Bull, 26 Id., 164.*

3 SAME: Issuing of summons. Proof of.

The third plea tendered an immaterial issue. The defendant testified that he had been a practicing lawyer in Colorado when it was a territory, and was familiar with the course of practice in its courts, and that the effect of a nonsuit, under the circumstances set forth in his plea, was to preclude any future litigation between the same parties upon the same cause of action. However this may be, it is certain that in other jurisdictions a nonsuit, whether voluntary or involuntary, does not constitute a judgment upon the merits and will not support the plea of *res judicata*. It is said to be "but the blowing out of a candle, which a man at his own pleasure may light again." *Freeman on Judgments, sec. 261; Hammergen v. Schuermier, 1 McCrary, 436, per Justice Miller; Martin v. O'Bannon, 35 Ark., 62; Jones v. Graham, 36 Ark., 383.*

4. RES JUDICATA: Effect of non-suit.

The question, after all, is not whether a new suit might be maintained in the courts of Colorado, but whether it can be maintained here. The plaintiff may have found himself with

an insufficient record, upon which he could not safely go to trial, or barred by a short statute of limitations, and may have been compelled in consequence to dismiss his action. Yet this produced no satisfaction or extinguishment of the original judgment; nor would it prevent a renewal of the litigation elsewhere.

No testimony was offered in support of the fourth plea, and it may be considered as abandoned.

5. JUDGMENT: Adding interest to verdict.   The judgment in this case, moreover, does not pursue the verdict. After the jury had assessed the amount of recovery, the court had no power to add interest. *Mansf. Dig., sec. 5144; Taylor, Radford & Co., v. Hathaway, 29 Ark., 597; Cannon v. Davies, 33 Ark., 56.*

Reversed and remanded for a new trial.