LAURENCE MINOT & another, trustees, *vs.* CITY OF BOSTON.

Suffolk.   November 13, 1908. — January 8, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Verdict.   Superior Court.   Jurisdiction.   Damages,* For property taken or injured by statutory authority.   *Practice, Civil.   Interest.*

At the trial in the Superior Court of a petition for the assessment of damages resulting from the taking of an easement for sewerage purposes under St. 1897, c. 426, the evidence all related to the value of the easement taken and nothing was said in the charge to the jury either as to the date as of which the petitioner might

recover damages or as to the matter of interest. No exception was taken by
either party to the charge, and a verdict was returned and recorded for the peti-
tioner. The presiding judge heard no evidence after the verdict, but, more than
three days after the verdict, the petitioner moved that he be allowed interest on
the verdict from the date of the taking by the defendant, and the presiding judge
made an order stating that, "it appearing . . . that the verdict . . . was for
damages . . . as of the date of the taking . . . and did not include any inter-
est, . . . the clerk is . . . ordered, in entering up judgment upon said verdict,
to reckon and include therein interest upon the verdict from the said date of
taking." *Held*, that the order was not within the power of the court and could
not stand, either as an assessment of damages by the court or as an amendment
to the verdict.

Neither under the common law nor under R. L. c. 173, § 48, relating to amendments,
is it within the power of the Superior Court to amend a verdict of a jury, after
it has been returned and recorded and the jury has been discharged, by adding
interest to an amount found by them, where it appears that the matter of inter-
est was not mentioned to them by the presiding judge in his charge, since the
verdict as amended does not express any idea which the jury had or anything
which they intended to express.

The power of a trial court to amend a verdict after it has been rendered and re-
corded and the jury has been discharged, discussed by HAMMOND, J.

HAMMOND, J. This was a petition for damages on account
of the taking of an easement for sewerage purposes in a certain
strip of land of the petitioners, under St. 1897, c. 426. The
taking was made and completed by record on October 12, 1901,
and this fact distinctly appeared at the trial. There was a
trial by jury and a verdict for the petitioners was rendered
on February 17, 1908. The evidence introduced at the trial
all related to the value of the land and its adaptation for valu-
able uses at the time of the taking. In the charge to the jury
nothing was said either "in relation to the matter of interest
upon whatever amount of damages the jury should find," or "as
to the date as of which the petitioners were to recover their
damages." In one part of the charge the jury were told that
the measure of damages was "the diminution, if any, in the fair
market value of the land owned by the petitioners," and after-
wards, that it was "the fair value of the land taken upon the
whole evidence." There was evidence upon which the jury
might properly have found that the diminution in the fair
market value of the land, — or that the fair value of the land
taken, — was equal to the amount of their verdict.

No exceptions to the charge were taken by either party, and
nothing further is shown by the evidence or record regarding

interest. The presiding judge * heard no evidence after the verdict was rendered. The petitioners did not file any motion for a new trial, nor any bill of exceptions, but on March 5, 1908, they filed a motion for allowance of interest upon the amount of the verdict from the time of the taking. This motion was argued on April 2, and on April 4, 1908, the judge who had presided at the jury trial made the following order: "It appearing to the court that the verdict of the jury in the above entitled case was for the damages sustained by the plaintiffs as of the date of the taking, completed by public record October 12, 1901, and did not include any interest upon such damages since said date of taking, the clerk is hereby ordered, in entering up judgment upon said verdict, to reckon and include therein interest upon the verdict from the said date of taking."

The case is before us upon the appeal of the respondent to this order; and the sole question is whether the court had the power to make the order.

It is to be borne in mind that the whole question of the amount of damages was before the jury. They were the tribunal to determine it, and the only tribunal, and hence it was not only in their power, but it was their duty, to fix the amount due. Their verdict, therefore, so long as it stands, is the only authoritative announcement of that amount. And that is so, whether or not every element of damage in the way of interest or otherwise was placed before the jury, or whether the instructions to them were right or wrong, complete or defective. The parties have tried the case as they saw fit, and they made no objection to the charge nor asked for further instructions.

It is to be further noted that this is the verdict upon which, so long as it stands, judgment is to be entered. No authority is given to add to this verdict a further sum. The assessment of the amount due is not to be made in part by the jury and in part by the court, but wholly by the jury. As an assessment made by the court, therefore, it cannot stand. The only plausible ground upon which the order can stand is not that it is an addition to the assessment made by the jury, but that it may be regarded as an amendment to the verdict, or, in other words, that the verdict actually rendered shall not stand as given but

---

* *Bishop, J.*

shall be so amended as to stand as the court thinks it ought to have been given.

There is no doubt of the power of the court to amend a verdict after the discharge of the jury, and even after the end of the term at which the case was tried; and, in considering the nature of the amendment to be made, reference may be had to the notes of the judge who presided at the trial, or to any other satisfactory evidence as to the issues actually tried and the actual state of the material evidence. *Clark* v. *Lamb*, 6 Pick. 512, and 8 Pick. 415, and cases cited. Thus a general verdict upon a declaration containing several counts, all for the same cause of action, one of which is fatally defective, may be amended at a subsequent term by an examination of the minutes of the judge, and judgment may be entered only on the good counts. *Barnard* v. *Whiting*, 7 Mass. 358. *Porter* v. *Rummery*, 10 Mass. 64. *Smith* v. *Cleveland*, 6 Met. 332. See also Rule 40 of the Superior Court. And generally where the verdict is defective in form it may be put in proper shape. As stated by Lord, J., in *Ashton* v. *Touhey*, 131 Mass. 26, 29, "If the verdict as affirmed and recorded does not state with technical accuracy their finding [the jury] upon the real issues tried, and the court can see how it should be corrected, it will reject what is surplusage, or in some proper mode make it conform to the real issue tried." And the same rule applies in criminal cases. *Commonwealth* v. *Stebbins*, 8 Gray, 492. *Commonwealth* v. *Lang*, 10 Gray, 11. Whether the case be civil or criminal, the verdict which is defective only in form may be worked "into form" so that "it may serve."

But there is one important limitation to this rule; and that limitation is that the amendment in all cases must be such as to make the verdict conform to the real intent of the jury; "the judge cannot, under the disguise of amending the verdict, invade the exclusive province of the jury, or substitute his verdict for theirs." *Acton* v. *Dooley*, 16 Mo. App. 441, 449. After the amendment the verdict must be not merely what the judge thinks it ought to have been, but what the jury intended it to be. Their actual intent, and not his notion of what they ought to have intended, is the thing to be expressed and worked out by the amendment.

This is not a case like *Martin* v. *Silliman*, 53 N. Y. 615, and other similar cases, where the jury by their verdict have stated that interest is to be added to the sum found by them. (See also *Jackson* v. *Brockton*, 182 Mass. 26.) The amendment in the present case increases the verdict rendered by the jury more than one third. It is a change in substance and not in form. The jury were not instructed as to the time with reference to which the damages were to be assessed. It cannot be known whether the jury would have arrived at the amount named in the verdict if they had supposed that it would be largely increased by the court. A verdict is the product of the minds of twelve men, and, to a certain extent, especially in a case like the present, frequently represents a result which no individual member of the panel would have reached in the first instance if free to follow his own judgment. It is a conclusion to which he can consistently assent, although if left entirely to himself he would perhaps have preferred a different result. It is by no means certain that if the jury had known that the sum which they were to find due was to be increased more than one third they would have found the amount they did.

But whether that be so or not, the amount of damages to be awarded, interest and all, was by the law in the hands of the jury under the instructions of the court, and in law their verdict represented their judgment on the whole question; and until reversed their judgment was that of the law. The amendment was not made for the purpose of correcting an error in the expression of the conclusion to which the jury had come, so that the verdict as amended should say what the jury intended and supposed they had said. On the contrary it is an amendment which is based upon the theory that the jury never passed upon the question involved, and there is no pretense that the verdict as amended expresses any idea which the jury had, much less anything they intended to express. Such an amendment is not permissible under the common law. Nor can the provisions of R. L. c. 173, § 48, be held to authorize such an amendment. The statute cannot be held to authorize the court under the guise of an amendment to usurp a function exclusively within the province of the jury.

For other cases bearing upon the subject, see in this State,

*Sullivan* v. *Holker*, 15 Mass. 374; *Coffin* v. *Jones*, 11 Pick. 45; *Dryden* v. *Dryden*, 9 Pick. 546; and *Morris* v. *Callanan*, 105 Mass. 129; and in other States, *Parker* v. *Lake Shore & Michigan Southern Railway*, 93 Mich. 607; *Hallum* v. *Dickinson*, 47 Ark. 120; *Fiore* v. *Ladd*, 29 Ore. 528; *Dyer* v. *Coombs*, 65 Mo. App. 148; *Crich* v. *Williamsburg Ins. Co.* 45 Minn. 441. In *Longworth* v. *Cincinnati*, 48 Ohio St. 637, it was held that an act of the court like the one before us, although an irregularity, was nevertheless not prejudicial to the defendant and it was upheld. See also *Barber Asphalt-Paving Co.* v. *New York Post Graduate Medical School & Hospital*, 62 N. Y. Supp. 392. But these last two cases seem to be contrary to the general weight of authority.

*Exceptions sustained.*

*A. L. Spring*, for the defendant.
*H. M. Davis*, for the plaintiffs.

NOTE. A similar decision was made on the same day in the case of JOHN C. COBB & another, trustees, *vs.* CITY OF BOSTON.

*A. L. Spring*, for the defendant.
*H. M. Davis*, for the plaintiffs.

HAMMOND, J. This case raises precisely the same question as *Minot* v. *Boston, ante*, 10, and for the reasons stated in that case these exceptions are

*Sustained.*