STATE OF WEST VIRGINIA, *by State Road Commission, v.* MARY J. PAINTER *et al.,* CLARENCE A. PAINTER, *Plaintiff in Error*

(No. 8790)

Submitted October 4, 1938.   Decided October 11, 1938.

*Clarence W. Meadows,* Attorney General, and *Forrest B. Poling,* Assistant Attorney General, for plaintiff.

*G. W. Ford,* for defendant.

RILEY, JUDGE:

The State Road Commission, in the name of the State of West Virginia, filed its petition in the Circuit Court of Taylor County against Mary J. Painter praying for the appointment of commissioners to ascertain a just compensation for certain land sought to be condemned for road purposes. Mary J. Painter having died pending the litigation, the case was revived in the name of Clarence A. Painter, only heir at law (plaintiff in error) and Clarence A. Painter, administrator, etc.

On March 7, 1936, the circuit judge, in the vacation of the court, entered an order appointing commissioners, which order gave to the condemnor, its agents and employees the right, from the date thereof, to enter upon the land sought to be condemned. The commissioners, on March 24, 1936, went upon the land and reported the sum of $1100.00 as a just compensation. Exceptions were taken to this report and a jury trial had. On February 8, 1938, the jury found in favor of the condemnee in the amount of $1700.00. The final order, entered on February 25, 1938, rendered judgment thereon, with interest from February 8, 1938. It discloses that the condemnee moved that judgment be entered in his favor in the amount of the jury verdict with interest thereon

from March 24, 1936, the date of the commissioners' report, until paid. It also contains a recital that the condemnor took possession of said land about two weeks prior to the date of the commissioners' report.

The sole question presented here is the refusal of the trial court to include in the judgment interest from March 24, 1936. The attorney general, in support of the circuit court's ruling, proceeds upon the theory that interest cannot run against the State. The authorities cited deal with general indebtedness and tort liability. *Shaw* v. *Monongahela Railway Co.*, 110 W. Va. 155, 157 S. E. 170, relied upon, though indexed in the volume of the reports under headings of "Eminent Domain" and "Damages", involves an action for damages to property caused by the erection of an overhead bridge or viaduct in front of and in the immediate vicinity thereof, and therefore is not in point. Whether, in such cases, the state is liable for interest, we need not decide.

Constitutional grounds alone prompted this Court, in the case of *Simms* v. *Dillon*, 119 W. Va. 284, 193 S. E. 331, 113 A. L. R. 787, to hold that in a proceeding in eminent domain the condemnee is entitled to interest from the time of the taking until the final payment. The reasons advanced for our holding in the *Simms* case are relied upon here. They need not be repeated in detail. Article III, Section 9 of the West Virginia Constitution provides: "Private property shall not be taken or damaged for public use without *just* compensation * * * ." (Italics supplied.) And the Fourteenth Amendment to the Constitution of the United States prohibits any state from depriving any person of life, liberty and property without due process of law. Thus, both by the due process clause of the Fourteenth Amendment to the Constitution of the United States and Article III, Section 9 of the West Virginia Constitution, the right to just compensation for land taken is secured to a property holder whose property is taken for public purposes. The Supreme Court of the United States, in determining whether the Michigan condemnation statute was constitutional,

in like manner construed a clause of the Michigan constitution, in conjunction with the Fourteenth Amendment to the Federal Constitution. *Dohany* v. *Rogers*, 281 U. S. 362, 74 L. Ed. 904, 50 Sup. Ct. 299, 68 A. L. R. 434. Time and again, the Supreme Court of the United States, in proceedings in eminent domain, brought by the United States, has held that under the Fifth Amendment to the Constitution of the United States, the provision of which, so far as compensation is concerned, is identical with the compensation provision in the West Virginia Constitution, just compensation includes interest where the property is taken before payment. *Jacobs* v. *U. S.*, 290 U. S. 13, 78 L. Ed. 142, 54 Sup. Ct. 26, 96 A. L. R. 1; *Brooks-Scanlon Corp.* v. *U. S.*, 265 U. S. 106, 68 L. Ed. 934, 44 Sup. Ct. 471; *U. S.* v. *Benedict*, 261 U S. 294, 67 L. Ed. 662, 43 Sup. Ct. 357; *Seaboard Air Line R. Co.* v. *U. S.*, 261 U.S. 299, 67 L.Ed.664, 43 Sup. Ct. 354; *U.S.* v. *Rogers*, 255 U. S. 163, 65 L. Ed. 566, 41 Sup. Ct. 281; *U. S.* v. *Highsmith*, 255 U. S. 170, 65 L. Ed. 569, 41 Sup. Ct. 282. Under our practice, the value of the property sought to be taken for public use is determined as of the time of the actual taking. *Chesapeake & Ohio R. Co.* v. *Tyree*, 7 W. Va. 693, 697; *Guyandotte Valley Ry. Co.* v. *Buskirk*, 57 W. Va. 417, 50 S. E. 521, 110 Am. St. Rep. 785; *Buckhannon & Northern R. Co.* v. *Great Scott Coal & Coke Co.*, 75 W. Va. 423, 83 S. E. 1031. It follows that the *punctum temporis* in the case of interest cannot be later than the time of actual entry. Just compensation means full and adequate compensation to the landowner. If the landowner is deprived of his property before payment, it is only fair and just, and consonant with the constitutional provisions herein referred to, that he be paid compensation for the time he is dispossessed of his property until final payment. The question being purely constitutional, it is unimportant that in the instant case there was no contract for the payment of interest and no statutory provision requiring the payment of interest. In this position, we are supported by the great weight of American authority. 2 Lewis, Eminent Domain (2d

Ed.), 1319, section 742; 1 Nichols, Eminent Domain (2d Ed.), 649, section 216. See exhaustive notes 96 A. L. R. 150-196; 111 A. L. R. 1304, 1306. In view of these authorities and the constitutional provisions, we do not desire to depart from our holding in the *Simms* case.

The real difficulty which confronts the plaintiff in error in this case is procedural. The record discloses, as shown by the final order, that plaintiff in error introduced uncontradicted evidence to the effect that actual entry was made sometime prior to March 24, 1936. That being so, how do we know that it was not taken into consideration by the jury in arriving at its verdict of $1,700.00? If the record was silent as to the time of the actual taking, or if, by instructions, the trial court had directed the jury not to consider the matter of interest, the rule in the *Simms* case clearly could be applied in the entry of the judgment order. Here, we have good reason to presume that the jury considered all of the elements of damage before it, and in doing so, took into consideration the fact that the plaintiff in error was dispossessed of his property. Where, in a condemnation proceeding, the property is actually taken before the verdict, the trial court, applying the rule of the *Simms* case, would have the right to add interest to the amount of the verdict, provided that the record discloses that the jury allowed no interest or where the court, by instruction, reserved the question of interest until after the verdict, and the dates between which interest should run are so reasonably ascertainable from the record that the court could make the computation and render judgment for the aggregate amount of the verdict and interest. *St. Louis, El Reno & Western Railway Company* v. *Oliver*, 17 Okla. 589, 87 Pac. 423, 10 Ann. Cas. 748; *Blackwell, Enid & Southwestern Railway Company* v. *Bebout*, 19 Okla. 63, 91 Pac. 877, 14 Ann. Cas. 1145; 10 Ruling Case Law, 144, notes 8 and 9; 1 Nichols, Eminent Domain, page 656. The trial court, upon motion of the parties, or *ex mero motu*, could have directed the jury to include interest from the date of taking, or reserved that matter

to itself in the entry of the judgment on the verdict. Not having entertained either course, the court had no justification for the addition of interest to the amount of the verdict.

For the foregoing reasons, we affirm the judgment complained of.

*Affirmed.*