17723

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. W. N. MILLER and Thomas W. Miller, Respondents

(117 S. E. (2d) 561)

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Jr.,* and *James S. Verner, Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. Thomas A. Wofford* and *Theodore A. Snyder, Jr.,* of Greenville, *for Respondents,*

388

December 9, 1960.

Moss, Justice.

W. N. Miller and Thomas W. Miller, the respondents herein, owned a lot of land containing 1.21 acres, located in Greenville County, South Carolina, and fronting on Highway No. I-85. The South Carolina State Highway Department, the appellant herein, instituted this condemnation proceeding on June 4, 1958, by the service of a notice upon the respondents that it required the aforesaid lot of land for highway purposes. This proceeding was instituted pursuant to Section 33-122 of the 1952 Code of Laws of South Carolina, and the notice given was in conformity with Section 33-132 of the Code. A Board of Condemnation was duly convened and did, by appropriate resolution served upon the respondents on June 27, 1958, fix the amount of compensation and damages to which the respondents were

entitled in the amount of $7,200.00. The respondents herein appealed to the Court of Common Pleas for Greenville County from the award made by the Condemnation Board and the cause was heard *de novo,* pursuant to Section 33-139 of the Code, before the Honorable J. B. Pruitt, Presiding Judge, and a jury, resulting in a verdict in favor of the respondents in the amount of $11,865.00.

Immediately following the rendition of the verdict in favor of the respondents, in the amount above stated, they made a motion that interest be added at the rate of six per cent per annum from January 30, 1959, this being the date that the appellant made actual entry upon and took possession of the lot of land above referred to for highway purposes. The trial Judge ruled that interest was allowable and judgment was entered for the amount of the verdict plus interest from January 30, 1959 to April 6, 1960, to run until the verdict was paid. The amount of the verdict was paid on April 28, 1960. Timely notice of intention to appeal to this Court from the Order allowing interest was given by the appellant.

We should state that upon an appeal being made by the respondents from the award made by the Board of Condemnation, that the appellant tendered to them the amount of the award as made by said Board. Upon the refusal of the respondents to accept such award, the sum of $7,200.00 was set aside, pending the outcome of the appeal, and the appellant proceeded with the work of the construction of the highway. Section 33-140 of the Code.

It is the position of the appellant that it was error for the Court, after the rendition of a verdict in favor of the landowners, to find as a matter of fact and law that interest was due on such verdict from the date of the taking, January 30, 1959, the error being that interest is not recoverable under the condemnation statutes, Sections 33-122 *et seq.,* of the 1952 Code of Laws of South Carolina. It is the further contention of the appellant that under Section 33-139 of the

Code, the verdict of the jury was final and embraced all damages accrued to the date thereof, which was April 6, 1960.

Article I, Section 17 of the 1895 Constitution of this State, provides that: "Private property shall not be taken * * * for public use without just compensation being first made therefor." This section is applicable where private property is taken for public use by the State, or by any of its agencies. The State may delegate to its agencies the right to exercise its power of eminent domain and may, by statute, prescribe the manner in which, at the instance of such condemnor, the "just compensation" of the condemnee is to be ascertained. *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639.

In tracing the evolution of the "just compensation" provision as is contained in Article I, Section 17 of the 1895 Constitution of this State, this Court in the case of *Wilson v. Greenville County,* 110 S. C. 321, 96 S. E. 301, 303, said:

"It was decided in this state, as early as 1796, that, in the absence of a constitutional requirement that compensation should be made, the Legislature has the power, in the exercise of the state's right of eminent domain, to take private lands for public highways without compensation. *Lindsay v. Commissioners,* 2 Bay 38; *Stark v. McGowan,* 1 Nott & McC. 387 [397]; *Patrick v. Commissioners,* 4 McCord 541; *State v. Dawson,* 3 Hill 100. In *Lindsay's case,* the Court said:

" 'Every freeholder, holding lands under the state, holds them upon condition of yielding a portion of them, when wanted for the public roads and highways.'

"In *State v. Dawson* (decided in 1835) this right of the state was reaffirmed, after elaborate consideration by all the judges of the state, and it appears from numerous statutes that the Legislature exercised this right for nearly 200 years, from the days of the lords proprietors until the adop-

tion of the Constitution of 1868. Since that time, we have had of force the constitutional provision that private property shall not be taken for public use without just compensation.

"But the Constitution does not define just compensation, or prescribe how it shall be made, except where the taking is for the use of a private or *quasi*-public corporation. \* \* \* "

In the case of the *City of Spartanburg v. Belk's Department Store et al.,* 199 S. C. 458, 20 S. E. (2d) 157, 164, it was said:

"It is evident that there must be a final determination of the amount of just compensation to be made, which can only be done under the provisions of the Act of the Legislature, \* \* \* "

It was further said in the cited case, that:

"In our opinion, under the provisions of Article I, Section 17, of the Constitution of 1895, it is left to the Legislature to enact procedure by which private property may be condemned for public use together with the means by which just compensation is to be made. \* \* \* "

It was further held in the cited case that a Circuit Judge has no authority, under the law, to determine the issue of just compensation. In the instant case, the respondents elected to have just compensation determined by the verdict of a jury, as is provided in Sections 33-134 and 33-139 of the Code. These sections are a part of the procedure which the Legislature has enacted, by which private property may be condemned for a public use and just compensation fixed.

Section 33-135 of the Code, relating to condemnation of property by the State Highway Department for roads, provides: "In assessing compensation and damages for rights of way, only the actual value of the land to be taken therefor and any special damages resulting therefrom shall be considered." It is manifest that where a landowner's com-

pensation is ascertained in a condemnation proceeding instituted by the appellant herein, because of the taking, it is still referable to Article I, Section 17, of the Constitution, and the appropriate statute prescribing the measure of "just compensation" thereunder.

After the Board of Condemnation had fixed the amount of compensation and damages to which the respondents were entitled, the State Highway Department went into possession of the condemned property on January 30, 1959. This is the date when the taking occurred and fixed the point at which damages should be assessed because it is the value of the respondents' property taken as of that date which furnishes the measure of compensation and damages. *Board of Commissioners of Fairfield County v. Richardson,* 122 S. C. 58, 114 S. E. 632, and *Howell v. State Highway Department,* 167 S. C. 217, 166 S. E. 129. In the last cited case it was held that the method of the final fixing of "just compensation" is by the verdict of a jury, which arrives at such verdict by finding the right conclusion from a consideration of the facts, and then applying its findings of fact to the law as the trial Judge has given it. Therefore, it was for the jury to determine what was "just compensation" for the taking of the lands of the respondents for highway purposes. In this connection attention is called to Section 33-139 of the Code, which provides: " * * * The verdict of the jury in such cases shall be final, unless set aside for the reasons for which verdicts may be set aside in other cases. * * * "

It has been held in numerous cases that just compensation includes interest where the property is taken before payment. See the cases so holding cited in 36 A. L. R. (2d) beginning at page 451. Assuming, without deciding, that the foregoing rule is applicable in this State, it was the duty of the respondents to call the matter of interest on the award to the attention of the trial Judge and request an instruction upon such so that the jury could, by their verdict, determine what was "just com-

pensation". In *State v. Deal,* 191 Or. 661, 233 P. (2d) 242, it was held that in condemnation proceedings that the property owners have the duty to call the matter of interest on the award to the attention of the trial court and request an instruction upon such matter, so that the jury, by their verdict, might find a fair cash market value of the property involved plus interest thereon at the legal rate from the day of the taking.

In 36 A. L. R. (2d) at page 469, it is said:

"A question that has arisen quite frequently is whether or not a court may add interest after the jury has returned a verdict for a gross sum.

"It appears to be well settled that when there is nothing in the record from which it can be definitely ascertained that the jury did not take into consideration the question of interest in fixing the amount of their verdict, even if no instructions in regard to interest were given by the court, the court cannot after verdict add interest to the sum found by the jury. The reason for this rule obviously is that the presumption is that the verdict includes interest."

The foregoing rule is supported by decisions in many jurisdictions. *Fishel v. Denver,* 106 Colo. 576, 108 P. (2d) 236; *Moll v. Sanitary Dist.,* 228 Ill. 633, 81 N. E. 1147; *State ex rel. McNutt v. Orcutt,* 211 Ind. 523, 199 N. E. 595, 7 N. E. (2d) 779; *Lough v. Minneapolis & St. L. R. Co.,* 116 Iowa 31, 89 N. W. 77; *Minot v. Boston,* 201 Mass. 10, 86 N. E. 783, 25 L. R. A., N. S., 311; *Mississippi State Highway Comm. v. Treas.,* 197 Miss. 670, 20 So. (2d) 475; *Butte Electric R. Co. v. Matthews,* 34 Mont. 487, 87 P. 460; *Durham v. Davis,* 171 N. C. 305, 88 S. E. 433; *Blackwell, E. & S. W. R. Co. v. Bebout,* 19 Okl. 63, 91 P. 877; *Santangelo v. Montgomery County,* 23 Pa. Dist. & Co. R. 1; *Routh v. Texas Traction Co.,* Tex. Civ. App., 148 S. W. 1152; *Bridgeman v. Hardwick,* 67 Vt. 653, 32 A. 502; *State by, State Road Comm. v. Painter,* 120 W. Va. 486, 199 S. E. 372; *Diedrich v. Northwestern Union R. Co.,* 47 Wis. 662, 3 N. W. 749.

In the case of *Mississippi State Highway Comm. v. Treas.,* *supra,* it was held that the question of granting prior interest as an element of damage, should be submitted to and passed upon by the jury in condemnation proceedings; that the amount of the verdict constituted the total damage fixed by the jury, and that the trial Judge had no power to add thereto prior interest nor to fix the rate of interest.

In the case of *Minot v. Boston, supra,* it was said:

"It is to be borne in mind that the whole question of the amount of damages was before the jury. They were the tribunal to determine it, and the only tribunal, and hence it was not only in their power, but it was their duty to fix the amount due. Their verdict, therefore, so long as it stands, is the only authoritative announcement of that amount. And that is so, whether or not every element of damage in the way of interest or otherwise was placed before the jury, or whether the instructions to them were right or wrong, complete or defective. The parties have tried the case as they saw fit, and they made no objection to the charge nor asked for further instructions.

"It is to be further noted that this is the verdict upon which, so long as it stands, judgment is to be entered. No authority is given to add to this verdict a further sum. The assessment of the amount due is not to be made in part by the jury and in part by the court, but wholly by the jury. As an assessment made by the court, therefore, it cannot stand. The only plausible ground upon which the order can stand is not that it is an addition to the assessment made by the jury, but that it may be regarded as an amendment to the verdict, or, in other words, that the verdict actually rendered shall not stand as given but shall be so amended as to stand as the court thinks it ought to have been given.

" * * * The judge cannot, under the guise of amending the verdict, invade the exclusive province of the jury or substitute his verdict for theirs. * * * After the amendment the verdict must be not merely what the judge thinks it ought to have been, but what the jury intended it

to be. Their actual intent, and not his notion of what they ought to have intended, is the thing to be expressed and worked out by the amendment.

" * * * The amendment in the present cases increases the verdict rendered by the jury more than one-third. It is a change in substance, and not in form. * * * It cannot be known whether the jury would have arrived at the amount named in the verdict if they had supposed that it would be largely increased by the court. A verdict is the product of the minds of twelve men, and, to a certain extent, especially in a case like the present, frequently represents a result which no individual member of the panel would have reached in the first instance if free to follow his own judgment. It is a conclusion to which he can consistently assent, although if left entirely to himself he would perhaps have preferred a different result. It is by no means certain that if the jury had known that the sum which they were to find due was to be increased more than one-third, they would have found the amount they did."

In the case of *State by, State Road Comm. v. Painter, supra,* [120 W. Va. 486, 199 S. E. 374] it appeared that an actual entry was made upon the condemned lands prior to March 24, 1936. The jury returned a verdict for the landowners and they then moved that interest be added to the verdict from said date. The trial Judge refused such motion and the landowners appealed. In affirming the order of the lower Court refusing interest, the Court said:

" * * * The trial court, upon motion of the parties, or *ex mero motu,* could have directed the jury to include interest from the date of taking, or reserved that matter to itself in the entry of the judgment on the verdict. Not having entertained either course, the court had no justification for the addition of interest to the amount of the verdict."

The order of the Circuit Judge adding interest to the amount found by the jury cannot be justified as amending or readjusting the verdict. In the case of *Middleton & Co.*

*v. Atlantic Coast Line R. Co.,* 133 S. C. 23, 130 S. E. 552, 556, this Court said:

"Where in a law case the verdict * * * is for an amount greater than the defendant conceives it should have been, his remedy is to move for a new trial, and upon that motion the circuit judge may either order a new trial out and out, or order a new trial *nisi,* requiring the plaintiff at his option to remit a certain portion of the verdict or submit to a new trial. Should the circuit judge refuse the motion, upon a legal ground, the defendant has his remedy by appeal to this court, which may either affirm or reverse the order below. In the event of affirmance, the case is ended; in the event of reversal, the court may remand the case, either directing a new trial or a new trial *nisi.* So where the verdict is for an amount less than the plaintiff conceives it should have been, the remedy of the plaintiff is exactly the same.

"This court has no power to readjust a verdict in a law case except in the manner indicated, and that is only through its power to order a new trial conditioned upon the refusal of the terms imposed. It grants a new trial *nisi* in favor of the defendant, unless the plaintiff should reduce the verdict, for the reason that it has no absolute control over the verdict; it cannot readjust it against the will of the plaintiff by reducing it. If it cannot reduce the verdict, it seems clear that it cannot increase it upon the plaintiffs' motion, except indirectly in the manner stated."

In the case of *Anderson v. Aetna Casualty & Surety Company et al.,* 175 S. C. 254, 178 S. E. 819, 829, the Court said:

"Although the court may amend a verdict, the amendment must be accompanied with an option of a new trial *nisi* to the party against whom amendment militates. *Joiner v. BeVier,* 155 S. C. 340, 152 S. E. 652; *Lorick & Lowrance, Inc., v. Julius H. Walker & Co.,* 153 S. C. 309, 150 S. E. 789, 792; *Middleton & Co. v. A. C. L. Ry. Co., supra* [133 S. C. 23, 130 S. E. 552]; *Gwathmey v. Foor Hotel*

*Co.,* 121 S. C. 237, 113 S. E. 688, 689; *Hall v. Northwestern Railroad Co.,* 81 S. C. 522, 62 S. E. 848, 853; *Levi v. Legg, supra* [23 S. C. 282]; *Warren v. Lagrone,* 12 S. C. 45, 51; 27 Ruling Case Law, 877, 878.

" 'The Judge cannot, under the power of amending the verdict, invade the province of the jury or substitute his verdict for theirs.' *Lorick & Lowrance, Inc., v. Julius H. Walker & Co., supra.*"

We have in this case, assumed that interest is a part of just compensation to which the property owner is entitled and dates from the time of the taking until the time of the payment for the property so taken. It was so held in the case of *United States v. Rogers,* 255 U. S. 163, 41 S. Ct. 281, 65 L. Ed. 566, and *Seaboard Air Line Ry. Co. v. United States,* 261 U. S. 299, 43 S. Ct. 354, 67 L. Ed. 664. The Court cannot add interest to the verdict when the interest is a part of the damages and not a mere legal incident to the landowner's claim, nor when it is impossible to ascertain whether the jury has awarded interest in an action on an unliquidated claim. 53 Am. Jur., Trial, Section 1096, at page 760. *Washington & G. R. Co. v. Harmon's Adm'r,* 147 U. S. 571, 13 S. Ct. 557, 37 L. Ed. 284.

We conclude that the trial Judge had no authority or power to add interest to the verdict of the jury in this case, because interest being a part of the just compensation to which the landowner was entitled, such should have been submitted, under appropriate instructions, for the consideration of the jury in fixing damages.

In view of the conclusion we have heretofore reached, it becomes unnecessary for us to determine whether a property owner, whose property was taken in a condemnation proceeding for public use, is entitled to interest from the time of the taking until the amount of the just compensation is fixed and determined by the verdict of a jury.

We conclude under the record in this case and the procedure invoked that the respondents were not entitled to

an order of the lower Court adding interest to the amount of the verdict as found by the jury.

The judgment of the lower Court is reversed and the Order granting interest is vacated.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.